## GOVERNOR, use, &c. v. STONUM, adm'r.

1. The statute forbidding an action to be brought against the sureties of a sheriff, or other public officer, after the lapse of six years, for a misfeasance, or malfeasance committed by him (Clay's Dig. 329, § 90,) commences to run, when the responsibility of the surety is conclusively ascertained.

2. In the case of the collection of money by the sheriff, by execution, the statute commences running in favor of the surety, when the sheriff returns the execution satisfied.

Error to the Circuit Court of Conecuh.

DEBT, for the use of the Branch Bank at Montgomery, by the plaintiff in error, against the defendant in error, one of the sureties of Jones Weatherford, sheriff of Conecuh county, on his official bond.

The breaches assigned upon the bond are, that several executions in favor of the Bank came to the hands of the said Weatherford, in the year 1834, and that he made the money thereon, which he failed to pay over during his life-time, and which, defendant, as administrator of the said Weatherford, failed to pay over, on demand made by the agent of the Bank on the 7th August, 1843.

The defendant pleaded, 1. *Nil debet.*

2. That the cause of action did not accrue within six years next before the suing out of the writ.

3. That the suit was not prosecuted within six years after the commission of the several acts, or causes of action complained of, if any such were committed, or existed.

4. That the acts of the sheriff complained of, were committed more than six years before the institution of the suit.

To these pleas the plaintiff demurred, which were by the court overruled, except as to the first plea.

Upon the trial before the jury, as appears from a bill of exceptions, it was proved, that Jones Weatherford was elected

sheriff of Conecuh, in 1834, and that the defendant, with others were his sureties on his official bond. That whilst sheriff, and after the execution of the bond, he received the execution described in the declaration, and made the return of satisfaction shown by the records of the court. That the sheriff died about the 1st of August, 1835, and the defendant administered on his estate, and that on the 7th August, 1843, the plaintiff, by its agent, demanded the money received by the sheriff, of the defendant, his administrator.

Upon these facts, the plaintiff moved the court to charge the jury, that the statute of limitations did not commence running until after the demand was proved to have been made. Also, that the action did not accrue till after the demand was proved to have been made. Further, that the time elapsing between the return of satisfaction by the sheriff, and the time when the demand was made, was not a sufficient length of time for the jury to infer, in the absence of testimony, that the money collected on the executions had been paid to the bank, which charges the court refused, and charged the jury, that they should ascertain the time at which the executions were returned satisfied, and then from that time allow the plaintiff a reasonable time within which to make a demand, and if, after the expiration of what they might consider a reasonable time, it was more than six years before suit was commenced, the plaintiff could not recover. To all which the plaintiff excepted.

The assignments of error are upon the judgment upon the demurrer, and the matters arising out of the bill of exceptions.

WATTS and ELMORE, for plaintiff in error.

1. The demurrer to the pleas should have been sustained. They should have averred some act of non-feasance or misfeasance, or other neglect, and the facts which constituted it, committed by the sheriff at some time, six years before the institution of this suit, in order to be a full answer to the averments of the declaration. [Blanchard on Lim. Law. Lib. 55.]

2. The sheriff is but an agent, so far as the collection and

payment of money is concerned, for the plaintiff in execution.

3. Before suit can be maintained against an agent, there must be a demand and refusal, or a conversion established in some other way. [McBroom v. Governor, 6 Por. 32; Mardis' Adm'r v. Shackleford, 4 Ala. Rep. 493; Pratt and Stewart v. Frazier, 5 Ala. 114; Sally's Adm'r v. Capps, 1 Ib. 122; Tillottson v. McCrillis, 11 Vt. R. 477; Topham v. Braddick, 1 Taunton, 571, t. p.; Houston v. Frazier, 8 Ala. Rep. 82, 86.]

4. Before suit could be maintained on a sheriff's bond, as in this suit, it was necessary to make a demand of the sheriff or his representatives, or show a conversion in some other way. The right of action did not accrue until then. [McBroom v. The Gov. *supra;* Robbins v. Gov. 7 Ala. 79; Clay's Dig. 217-18; Wilder v. Bailey, 3 Mass. 289; Hutchinson v. Parkhurst, 1 Aik. Vt. Rep. 258: 1 N. & M. (S. C.) 214; Wright v. Hamilton, 2 Baily, 51; Dumas & Co. v. Patterson, et al. 9 Ala. 484.]

4. The statute of limitations does not commence running until the right of action accrues. [Neal v. Cunningham, 2 Porter, 171; Chitty on Bills, 609-10, and notes 1 and 2; Thorington v. Lucas, 7 Ala. 605, Odlin v. Greenleaf, 3 N. H. Rep. 270; Jones v. Conway, 4 Yeates, 109; Blanchard on Lim. 54.]

5. It is only from the commission of the act complained of, in this suit, that the right of action accrued. The act complained of, is the failure to pay the money collected when the demand was made by plaintiff. [Townsend & Gordon v. Everett, 4 Ala. 611; Robbins v. Gov. *supra;* Wright v. Hamilton, 2 Bailey, 51.]

6. Whenever a demand must be made before the suit can be maintained, the statute of limitations does not commence running until the demand is made. [Chitty on Bills, 609-10, and notes 1, 2; 2 Taunt. 322; Wright v. Hamilton, 2 Bailey, 51; Pickett, Adm'r v. Curtis, Adm'r, 1 Sumner, 478; 21 Eng. Com. Law, 468; 2 Bibb, 610; 13 Wend. 267; Little v. Blunt, 9 Pick. 488; Law Lib. Blanchard on Lim. 55-6; Staniford v. Tuttle, 4 Vt. 82; 4 Bac. Ab. title Lim. 474-5.]

86

7. The liability of a surety to suit is coeval with that of his principal, and no right of action could accrue as the surety, before it accrued against the sheriff, his principal.

8. Mere passiveness on the part of the plaintiff could not produce a discharge of the surety.  [McBroom v. Governor, 6 Porter, 32.]

9. Nine or ten years is not sufficient length of time to constitute staleness independent of the statute of limitations. ]21 Eng. Com. Law. 468; Holmes v. Herrison, 2 Taunton, 323; Law Lib. Blanchard on Lim. 54, 55; 16 Johns. 40; Cottle v. Payne, 3 Day, 289; Mattocks v. Bellamy, 8 Vt. Rep. 470.]

10. A party cannot rely on staleness unless he pleads payment.  [Blanchard on Lim. *supra*.]  In this suit the only plea is the statute of limitations.  [Treasurer v. McPherson, 2 McMull. 69.]

PORTER, with whom was BELSER, for defendant in error.

1. The statute begins to run at the time when the right of action accrued, and the right of action accrues whenever the breach of duty occurs.  [Howell v. Young, 5 Barn. & Cress. 529; Short v. McCarthy, 3 Barn. & Ald. 630; Bartley v. Faulkner, Ib. 288; Brown v. Howard, 4 Moore, 508; Granger v. George, 7 Dow. & Ry. 729; Miller v. Adams, 14 Mass. Rep. 456.]

2. A demand may be necessary to give damages as a penalty under our statutes, but is not necessary to give a right of action for a breach of duty.  [Brewster v. Van Ness, 18 Johns. 133; Lillie v. Hoyt, 5 Hill's Rep. 395.]

3. In this case the death of the sheriff operated as a converson of the funds collected. [Taylor v. Easterling, 1 Richardson, 314.]  And when there has been a conversion, no demand is necessary.   [The Gov. v. Robbins, 7 Ala. R. 81; Townsend v. Everett, 4 Ala. R. 610; Orr v. Duval, 1 Ib. 263; Jones v. Auld, 9 Ib. 462.]

4. Numerous cases are found sustaining the decision that the statute commences from the time of the collection of the money.  [Coffin v. Coffin, 7 Greenl. 298; Stafford v. Richardson, 15 Wend. 302; Buckner v. Putt, Litt. Sel. Cases, 234.]

Governor, &c. v. Stoneum, adm'r.

ORMOND, J.—The question to be decided in this case grows out of an act of the legislature, passed in 1832. "No action, suit, or motion, shall be maintained against the security, or securities of any sheriff, constable, or other public officer of this State, for any misfeasance, malfeasance, or other cause whatever, hereafter committed, unless the same be commenced or prosecuted, within six years, next after the commission of the act complained of." [Clay's Dig. 329, § 90.] The sheriff having collected certain monies under executions in favor of the Branch Bank at Montgomery, returned them satisfied, and shortly afterwards died, and no demand was made of his administrator, until about nine years after the return—and the point to be determined is, when did the statute commence running in favor of the sureties.

That this is one of the acts, or omissions of duty, which it was the design of the legislature to provide against, can admit of no doubt. It is indeed the prominent, and chief responsibility of the sureties of a sheriff, vastly exceeding all other misfeasances, and nonfeasances together, and such a construction must be put upon the act, as will effectuate its manifest design. If the statute does not commence running until after a demand is made of the sheriff, then in such a case as this, the act will not bar a suit against the sureties until fifteen years after the return of the sheriff, had conclusively ascertained their responsibility for the money collected by him. Such a result would render the statute wholly inoperative, as it is clear that it was intended the sureties should not continue responsible for the acts of their principal, longer than six years.

The key to the statute then is, the responsibility of the sureties for his acts; when that commences, the statute begins to run. To cover all possible cases, the legislature employed the most general terms, "mifeasance, malfeasance, or other cause whatsoever," and in our judgment this language embraces the case of the retention of money by the sheriff, after its collection.

The most formidable argument urged by the plaintiff in error is, the doctrine settled by this court, in several cases, and referred to in his brief, that the sheriff is not liable to an action, until a demand is made of him; or some act of his is

shown, equivalent to a conversion of the money to his own
use.   McBroom v. The Governor, 6 Porter, 32, and the Gov-
ernor v. Robbins, 7 Ala. R. 80, are instances of this kind.
These, and other decisions of this court, are made in refer-
ence to our statutes, giving a penalty if the money is not
paid over on demand; or else were actions on the sheriff's
bond, where it was necessary to fix a default on the sheriff,
in order to charge his sureties : but in all these cases, it is ad-
mitted, that a conversion by the sheriff will render a demand
unnecessary.   If this action was against the sheriff, unless he
proved that he kept the money ready to pay over on demand,
the inference from such a long detention would be irresista-
ble, that he had converted it to his own use.

Although the sheriff may not be liable to any of our statu-
tory penalties, or the plaintiff be entitled to the summary
remedies afforded him, until he makes a demand of the mo-
ney, yet it is equally certain, it is the duty of the sheriff to
pay over the money, and to give information if in his pow-
er, that he has the money ready to be paid over; and if he
holds it an unreasonable time, without any effort to give no-
tice to the plaintiff, it would be such neglect as would be ev-
idence of an intent to convert the money to his own use, as
in the case of any other agent.   [Lillie v. Hoyt, 5 Hill,
395.]

So also, the death of the sheriff, which happened soon af-
ter the money was collected, must of necessity have caused
a conversion of the money, as his representative could have
no means of distinguishing the money of the plaintiff from
that of his intestate.   [Taylor v. Easterling, 1 Richardson
Rep. 314.]   What is said in the case of the Gov. v. Robbins,
supra, and in Dumas v. Patterson, 9 Ala. 486, that the fact
that the sheriff did not retain the identical money which he
had received in each case, was not evidence of a conversion,
must be understood in reference to that particular state of
facts, and amounts to no more than is there stated—that the
mere omission to keep each parcel of money received by
him separate from all others, would not be evidence of a con-
version.   This however ceases with the necessity of the
case, and after a considerable lapse of time, the inference is
the other way, that the money so received has been mixed

with the proper monies of the sheriff, and used, and employed by him as his own.   We have said this much, in reference to the decisions referred to, that their force may not be weakened by any casual expression dropt here.

Our decision here, is based upon what we consider the true and proper exposition of this statute—that when the responsibility of the surety is conclusively ascertained, then the statute commences running in his favor.   Any other construction of the statute would make it perfectly illusory, as he has no means of ascertaining whether the money has been paid over or not, and cannot therefore protect himself by insisting on a suit being brought, or by discharging it himself and resorting to his principal.

This view renders it unnecessary to scan the charge of the court, to ascertain whether it is critically correct as the court would have been authorized in going farther than it did, in its charge to the jury.

Let the judgment be affirmed.