State of Missouri ex rel. Winburn et al. v. Minor et al.

STATE OF MISSOURI *ex rel.* L. C. WINBURN *et al.*, Plaintiffs in Error, *v.* JAMES J. MINOR *et al.*, Defendants in Error.

1. *Sheriff — Collections by — Statute of limitations begins to run, when.* — The cause of action on the bond of a sheriff for failing to account for moneys collected by him does not accrue, so as to put in motion the statute of limitations, until there has been either a demand of payment by the parties in interest, or until the officer has made a proper return or report to the court ordering the sale, of the moneys realized therefrom.

2. *Sheriff, duties of in collection of moneys.* — The liability of a sheriff for moneys collected on sales in partition is substantially the same as for moneys collected on execution. In either case it is his duty to report or make return of his proceedings into court.

State of Missouri ex rel. Winburn et al. v. Minor et al.

## *Error to Fifth District Court*

*Vories* and *McFerran*, for plaintiffs in error.

I. The Circuit Court erred in instructing the jury that the cause of action accrued at the time of the collection of the money sued for. (R. C. 1855, p. 751, § 67; Gen. Stat. 1865, p. 648, § 65, pp. 614–15, §§ 34–5, 38–40; 4 Blackf., Ind., 775; Weston v. Ames, 10 Metc. 244; Fuqua v. Young, 14 La. An. 216; Collis v. Bowen, 8 Blackf. 262; 20 U. S. Dig. 644, § 209; Hutchins v. Gilman, 9 N. H. 359; Governor v. Stonum, 11 Ala. 679; 8 U. S. Dig. 263, § 52; 3 Blackf. 324; Wright v. Hamilton, 2 Bailey, 51; 2 U. S. Dig. 357, § 209; Church v. Clark, 1 Root, 303; Wright v. Hamilton, 2 Bailey, 21; 2 U. S. Dig. 807–8, § 333; Hyman v. Gray, 4 Jones, Laws of N. C., 155; 18 U. S. Dig. 506, § 159; State v. Blackwell, 20 Mo. 97; Rathbun v. Ingalls, 7 Wend. 320; Taylor v. Bates, 5 Cow. 376; Rabsuhl v. Lack, 35 Mo. 316.)

II. The failure of the defendant in error Minor to report the money collected, or to pay the same to the plaintiff in error, was not a breach of official duty, within the meaning of the statute of limitations; and no cause of action accrued to the plaintiff in error until suit was brought in absence of a demand. (Kerns v. Schoonmaker, 4 Ohio, 331; R. C. 1855, p. 1048, § 4.

*Richardson*, and *Hall & Oliver*, for defendants in error.

I. If at all in this case, the cause of action accrued when defendant Minor collected the money charged, and failed or refused to pay the same over to the parties entitled to it. (Howell v. Young, 5 Barn. & Cress. 456, 457; 3 Barn. & Ald. 288, 626.)

II. Although defendant Minor collected the money charged, and never paid it to the parties entitled to it, no cause of action accrued to them against defendants unless they had, within three years from the time when Minor collected the money, made demand for it; otherwise, the sureties are not liable.

CURRIER, Judge, delivered the opinion of the court.

This suit was instituted March 23, 1867, and is founded upon the bond of the defendant Minor, as sheriff of Daviess county,

the other defendants being his sureties therein. The main question litigated in this court arises upon the answer of the defendants setting up the statute of limitations as a bar to the suit. The breaches of the bond averred in the petition consist in this: that Minor, as sheriff of said county, neglected to make collection of certain notes taken by him on the sale of lands in a partition suit; that he collected money therein which he never paid over or accounted for; that he wholly failed to make any report of his proceedings therein to the court having jurisdiction of said cause, as by law it was his duty to do.

Without going into the details of the case, or into a minute examination of the pleadings, it is sufficient to observe that it appears from the case that Minor, as sheriff, under the order and judgment of the Circuit Court of Daviess county, in 1859, in a partition suit there pending, sold the lands (the subject of said suit) on a short credit, receiving the notes of the purchasers of the lands as security for the purchase money; that on and prior to March 10, 1861, he had collected on these notes the sum of $1,356.50 and the interest thereon; and that he never at any time made any return or report of these collections to the court or to the plaintiffs, who were the parties interested therein. Nor was any demand for payment made upon him until this suit was brought.

Upon this state of facts it is claimed by the defendants that the plaintiffs' cause of action accrued at the date of the collections, which was prior to March 10, 1861, and that the statute of limitations then commenced running. Upon this assumption it is further insisted that the action is barred — the cause of action, according to this view, having accrued more than three years prior to the commencement of the suit. The point to settle in the case is, when did the cause of action accrue? The liability of the sheriff for moneys collected on sales in partition is substantially the same as for moneys collected on execution. (R. C. 1855, p. 1116, §§ 35-6; Gen. Stat. 1865, p. 614, § 35.) In either case it is his duty to report or make return of his proceedings to the court.

As to the time when the liability of the sheriff attaches for neglect to account for moneys collected on execution, and a consequent right of action accrues against him, the decisions of the

courts of the different States are variant. In Massachusetts it is held that the cause of action does not accrue till demand of payment is made upon him, and, consequently, that the statute of limitations only then commences running. (Weston v. Ames, 10 Metc. 244.) So also in Louisiana and Connecticut, and various other States. (14 La. 216; 1 Root, 303; U. S. Dig. 644, § 209.) But in Georgia it is held that the action accrues and that the statute commences to run in favor of the sheriff from the time the money was received by him on the execution (9 Ga. 413; Ang. on Limit. § 142, in note); while in Alabama the holding is that the cause of action accrues and the running of the statute commences from the time the fact of the collection is made to appear by the return of the execution satisfied. (Governor v. Stonum, 11 Ala. 679.) Much difficulty has been experienced in determining the time of the accruing of an action, with reference to the defense of the statute of limitations. The Massachusetts rule may place the subject too much in the control of the creditor, and lead to a frittering away of the protection designed by the statute to be thrown around officers and their sureties; while the Georgia rule goes as far in the opposite direction. The Alabama rule appears to us to be the better one; and, as the question is open for adjustment, we are inclined to adopt that rule here. It is the duty of the sheriff, on collecting money upon execution, to return the execution in due time into court, satisfied in whole or in part. So, in collecting money under a sale in partition, it is his duty to make return thereof according to the order under which he acts, that the same may be distributed among the parties entitled thereto. If he neglects this most reasonable duty, and fails to make such return, and thereby, so far as his omissions of duty serve to accomplish the result, keeps the parties and the court in ignorance of the true state of the case, it is not perceived that he has any just ground of complaint—that the statute of limitations should in the meanwhile be inoperative to shield him from the demands of an execution creditor, or of those who are entitled to the money proceeds of a sale in partition.

We are therefore disposed to hold that in a case like the present the cause of action does not accrue, so as to put in motion the

statute of limitations, until there has been either a demand of payment by the parties in interest, or until the officer has made a proper return or report to the court ordering the sale, of the moneys realized therefrom. In this view of the subject, the judgment of the court below must be reversed. The court, at the instance of the defendants, instructed the jury that if the relators failed to make demand of payment of Minor of the moneys collected by him in the partition proceedings "for more than three years after it was so collected, then the sureties in the bond are not liable therefor." This instruction, in effect, directed the jury that the cause of action sued on accrued when the money in question was collected, and that the action was consequently barred by the statute — the money collected not having been demanded or sued for within three years next following the date of collection. We do not hold that to be the law. The instruction must therefore be treated and acted upon as erroneous.

Various other questions were raised in the progress of the trial in the Circuit Court, but, as they have not been adverted to in the discussions here, they are passed without comment.

The judgments appealed from are reversed and the cause remanded. The other judges concur.