Kirk v. Sportsman.

JOSEPH B. KIRK, Respondent, *v.* ANDREW A. SPORTSMAN, Appellant.

48  383
52a 111
48  383
135 298

1. *Practice, civil — Trial — Jury — Weight of evidence.* — The jury are the proper judges of the weight and reliability of evidence.

2. *Constable, collections by — Statute of limitations begins to run, when.* — The cause of action against a constable for failing to account for moneys collected by him, does not accrue so as to put in motion the statute of limitations, until there has been either a demand of payment by the parties, or until the officer has made a proper return or report showing that the money had been realized.

*Appeal from Livingston County Common Pleas.*

*Broaddus* and *Pollard*, for appellant.

*L. T. Collier*, for respondent.

This suit was not on the bond of appellant as constable, and clearly respondent's cause of action did not accrue until he made demand of appellant for the money he had collected.

WAGNER, Judge, delivered the opinion of the court.

The jury were the proper judges to determine the weight and reliability of the evidence, and by their verdict for the plaintiff they must have found that the plaintiff placed the note in the hands of the defendant, a constable, for collection, and that he collected the money and failed to pay it over. There is no objection to the instructions when taken together. They presented the law fairly enough. The whole question was principally one of fact, and one clear and intelligent instruction would have subserved the purpose of enlightening the jury far better than the confused mass offered by the parties and given by the court. However, we see nothing about them calculated to mislead, and the verdict is amply supported by the testimony.

The only point of law raised requiring any attention is the defendant's plea of the statute of limitations. The plaintiff gave the defendant the note to collect in 1861, and he collected it in a short time thereafter. The plaintiff soon afterward left this

State and became a resident of the State of California, and did not return till June, 1869. He was not advised of the collection of the note till after his return, and then the defendant refusing to pay when a demand was made, he commenced this suit. It seems that the note was collected without legal process, and consequently there was no return or report to any court showing that the money was realized.

The question is whether in such a case the defendant can avail himself of the statute of limitations as a bar. In a recent case in this court involving the same principle we held that the cause of action did not accrue, so as to put in motion the statute of limitations, until there had been either a demand of payment by the parties in interest, or until the officer had made a proper report or return showing that the money had been realized. (State *ex rel.* Winburn v. Minor *et al.*, 44 Mo. 373.) That case is decisive, and rules the point against the defendant.

Judgment affirmed. The other judges concur.