STATE OF MISSOURI, TO USE OF R. W. POWELL, Respondent, *v.* PHIL. C. TAYLOR ET AL., Appellants.

### December 3, 1878.

6  277
147m498

1. A sheriff acting in place of a trustee, under appointment of the Circuit Court, in executing the deed of trust acts officially, and the sureties on his bond are liable for a misapplication of the funds arising from a sale under the deed of trust.

2. The law will not infer that an officer has converted money in his hands where it appears that there was a *lis pendens* about the fund which justified him in refusing to pay, and there is no denial of his statement that until the settlement of the contest about the fund he had the money.

3. Where it is shown that a sheriff has received money officially, it is to be presumed that he still has it until the contrary is shown.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

J. M. & C. H. KRUM, for appellants: The sheriff, in executing the powers granted by a deed made by way of mortgage, does not act in his official capacity. — *Tatum v. Holliday,* 59 Mo. 422; *The State ex rel. v. Griffith,* 63 Mo. 545; *Rich v. Keyser,* 54 Pa. St. 86; *Theriat v. Hart,* 2 Hill, 380. — The sheriff, *ex officio,* is not legally bound to accept the position of trustee, and the faithful execution of the order of appointment is no part of his official duty. — Wag. Stats., p. 1277, sects. 11–13; p. 1347, sect. 2. The bond of the sheriff is conditioned on the faithful discharge of the duties imposed upon him by law as such officer; and the obligation of the sureties to such bond cannot be enlarged so as to include malversation in matters

not a part of the official duty. — *United States* v. *Kirk-patrick*, 9 Wheat. 720 ; *The People* v. *Pennock*, 60 N. Y. 421 ; *Leigh et al.* v. *Taylor*, 7 Barn. & Cress. 491 ; *Salten-berry* v. *Loucks*, 8 La. An. 95 ; *Nolley* v. *Callaway County Court*, 11 Mo. 462 ; *United States* v. *Cranston*, 3 Cranch, 289 ; *Hill* v. *Kemble*, 9 Cal. 71 ; *Scott* v. *The State*, 46 Ind. 203 ; *City of St. Louis* v. *Sickles*, 52 Mo. 122, 127. The wrongful act complained of in his case was consummated, if at all, and the action accrued, before the making of the second bond. "No principle of law is better established than that, when an officer proves a defaulter, and has held the office under several different appointments, with several sets of sureties, the sureties will be responsible who were on the bond at the time the defalcation occurred."— *Goode* v. *Comfort*, 39 Mo. 325 ; *Bristol* v. *Burt*, 7 Johns. 254 ; *O'Donoghue* v. *Corby*, 22 Mo. 393 ; *Huxley* v. *Hartzell*, 44 Mo. 370 ; *Ingram's Administrator* v. *McCombs*, 17 Mo. 556 ; *The State, to use of Pace*, v. *McCormack*, 50 Mo. 568 ; *Miller* v. *Stewart*, 9 Wheat. 681 ; *Farrar* v. *United States*, 5 Pet. 373 ; *United States* v. *Eckford's Heirs*, 1 How. 250 ; *Draffen* v. *City of Boonville*, 8 Mo. 395 ; *Todd et al.* v. *Boone County*, 8 Mo. 431.

—— —— for respondent : A sheriff acts in his official capacity when by virtue of a court appointment he sells under a deed of trust. — *Tatum* v. *Holliday*, 59 Mo. 422 ; *The State ex rel.* v. *Griffith*, 63 Mo. 545. And his sureties are liable for his misapplication of the funds arising from such sale. — *Farrar* v. *United States*, 5 Pet. 372 ; *Ingram* v. *McCombs*, 17 Mo. 558 ; *The State* v. *Paul*, 21 Mo. 51 ; *The State* v. *Drury*, 36 Mo. 281. Where it is shown that money has been received by a sheriff, the presumption is that it continues in his possession, until the contrary is shown. — *Nolley* v. *Callaway County Court*, 11 Mo. 447.

BAKEWELL, J., delivered the opinion of the court.

This is an action against the sheriff, and the sureties on

his official bond. The breach assigned is, that on June 30, 1873, after the execution of the bond, Taylor had and received and held, in his capacity as sheriff, $2,872.20, money of Robert W. Powell, proceeds of sale of a lot of land described, which was sold by Taylor by virtue of his office, and appointment by the Circuit Court; that he had the money at the date last named, and, on November 20, 1874, and at other times, refused to pay on demand, and converted the money to his own use. The answer denies any breach of the bond, and says that Taylor qualified as sheriff in November, 1872, and then gave bond; and that the matters complained of occurred, if at all, during the first and before execution of the second bond; and that the money, if converted by Taylor to his own use, was converted before the bond sued on was made. The cause was tried before the court. There was a finding and judgment for plaintiff; and defendants appeal.

Plaintiff introduced evidence tending to show that the bond sued on was executed on March 30, 1873; that one Logan, on March 5, 1872, gave a deed of trust to Kenna as trustee, to secure a note for $6,500, held and owned by plaintiff. The defendant, being then sheriff of St. Louis county, was, on the application of the owner of the note, appointed, on February 21, 1873, trustee to foreclose the deed of trust. In virtue of this appointment he made the sale on March 31, 1873, as sheriff and trustee, and received the purchase-money. On the next day, plaintiff, being then holder of the note secured by the deed of trust, demanded the net proceeds of the sale, $2,872.20, and was told by Taylor that he had received notice from the attorney of Logan not to pay over the money, as he was about to bring suit to test Powell's right to the proceeds. At that time a suit had been brought by Logan against Powell, Kenna (the original trustee), and Taylor, which was commenced on March 28, 1873, the object of which was to test Powell's right to the proceeds of the sale. Powell de-

manded the money of Taylor again in July, and proposed to give an indemnity bond; to which Taylor replied that he had the money, and that the money was the best security. Demand was made by Powell monthly during 1873 and 1874. On January 30, 1877, the claim of Logan was compromised, and he executed a quitclaim to Powell. In November, 1876, Powell, through his attorney, again demanded the money of Taylor, who then stated that he had it. And after the Logan suit was compromised and dismissed, Powell again demanded the money of Taylor, telling him that the claim of Logan was settled and his suit dismissed.

The appellants introduced the record of a suit begun by Powell on November 20, 1874, against Taylor alone, for the money received by him at the foreclosure sale. Defendant Taylor's answer to the amended petition in that case alleges the Logan suit as a ground for not paying over the money. This suit was dismissed in May, 1877. It is not necessary, for the purpose of this opinion, to set out the instructions given and refused.

It is contended by appellant that on the above facts the plaintiff is not entitled to recover: *first*, because there can be no recovery upon the bond of a sheriff by reason of his misconduct under an appointment by the Circuit Court as trustee to execute powers granted by a deed made by way of mortgage; *second*, that the liability, if any, was under the first bond, and that there was no liability under the bond of March 30, 1873, sued upon.

1. Were the matter *res integra*, the able argument of the first point by learned counsel for appellants would deserve attentive consideration. But we do not consider the question open for consideration. It has been decided by the Supreme Court, under the statute in force in 1870, that a sheriff making sale under a deed of trust by virtue of appointment of the Circuit Court, acts in his official capacity. *Tatum* v. *Holliday*, 59 Mo. 422. The law was changed in 1872 (Sess. Acts, Adj. Sess. 1871, p. 67) so as to author-

ize the Court to appoint any other suitable person as well as the sheriff, but in no other respect. The question was again before the Supreme Court, in *The State ex rel.* v. *Griffith*, 63 Mo. 549, and the section as amended is copied word for word into the opinion; and the court again says, that " where a sheriff has been appointed in the place of a trustee to execute the trust-deed, in selling the property he is acting officially." It is true that the sales before the court, in both cases, were made before the statute had been amended by adding the words " or other suitable person " after the word " sheriff." But in neither case is there the slightest intimation that the amendment has the effect of changing the capacity in which the sheriff acts when appointed under the statute. Nor can it be seen how the insertion of these words could be intended to have, or can be supposed to have, any such effect. So little can it be supposed that the duties or responsibilities of the sheriff when acting as trustee are at all changed by the amendment, that, as we have seen, the Supreme Court, in *The State ex rel.* v. *Griffith*, when treating of a sale made by the sheriff before the amendment, cites the act in its amended form, as it now stands; and after copying the existing and amended law, states that " when a sheriff has been appointed in place of a trustee to execute the trust-deed, in selling the property he is acting officially, and that, in so acting, a sale, though made by his deputy, is valid and binding." On the faith of this interpretation of the law, made in both cases after the amendment, and in the latter case with the amendment before the eyes of the judge writing the opinion of the court, sales by deputy have in many cases, no doubt, been made. It is not probable that any different interpretation will be given to the amended law.

2. It does not appear that there was ever a technical breach of the first bond. It is true that Taylor received the money and refused to pay it over, whilst the first bond was in force; but for this he alleged at the time what seems to

have been a sufficient excuse. The law cannot infer a conversion when the evidence is that there was a *lis pendens* about the fund that justified his refusal to pay during the whole period of the first bond, and that he assigned this as his only reason for refusing to pay to Powell, and when there is no testimony whatever to contradict his statements that during this time and subsequently he had the money. He held it during the existence of the first bond, to await the result of the interplea, having been made a party defendant to the suit in which Logan claimed the money. No application was made for an order on him to pay it into court, and he was simply discharging his strict duty under the circumstances in refusing to pay over the money either to Powell or to Logan until the controversy between them was settled in such a way as to enable him, with safety to himself and his sureties, to pay the money out. After the claim of Logan was compromised, there was a clear breach of the bond. It then became Taylor's duty to pay this money to Powell, and he refused to do so on demand. If the defendants had shown that the money was not in Taylor's hands when the second bond was executed, the sureties on that bond would have been discharged. The presumption was in favor of the officer; and there is nothing in this record to rebut it. When it is shown that a sheriff has received money officially, it is to be presumed that he still has it until the contrary appears. *Nolley* v. *Callaway County Court*, 11 Mo. 447 ; 17 Mo. 558 ; 21 Mo. 51 ; *Farrar* v. *United States*, 5 Pet. 373.

We see nothing in this record to warrant a reversal of the judgment, and it is therefore affirmed. All the judges concur.