THE STATE, EX REL. J. H. BUENEMAN, Appellant, *v.* JACOB KURTZEBORN ET AL., Respondents.

### June 15, 1880.

1. Where the term of office of a constable is by legislative enactment extended beyond the term for which he was elected, and a new bond is required, he becomes his own successor at the expiration of the term for which he was elected; but the liability of the surety on his bond continues until he qualifies as his own successor, or until he is displaced by his successor.

2. The provisions of the "Scheme" did not so change the office of constables in St. Louis that, under the law extending the term of office, constables were not their own successors.

3. The time of limitation upon actions upon a constable's bond is not to be counted from the end of the term for which he was elected, but from the time of his successor's qualification.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Reversed and remanded.*

FINKELNBURG & RASSIEUR, for the appellant: The act of 1875 extended the term of the defendant, as constable, two years longer. — *The State* v. *Garesché*, 3 Mo. App. 584. The Statute of Limitations does not begin to run against actions upon constables' bonds until the constable's successor is qualified. — *Billion* v. *Walsh*, 46 Mo. 492; *Gilker Brown*, 47 Mo. 105; *The State* v. *Daniel*, 6 Jones L. 444; *Boiler* v. *The State*, 20 Md. 169.

LOUIS GOTTSCHALK, for the respondents : The liability of a surety cannot be extended by implication. — *The State* v. *Thomas*, 19 Mo. 616 ; *Miller* v. *Stewart*, 9 Wheat. 702 ; *St. Louis* v. *Sickles*, 52 Mo. 122. The sureties are bound only for the term of the principal's office, and cannot be extended beyond the year for which the bond was executed, although the words of the condition be general and indefinite as to time. — *Moss* v. *The State*, 10 Mo. 338 ; *The State ex rel.* v. *Garesché*, 3 Mo. App. 584 ; *The State to use* v. *Bird*, 22 Mo. 470 ; *Chelmsford Co.* v. *Demarest*, 7 Gray, 1 ; *Dover* v. *Twombly*, 42 N. H. 59 ; *Wapello* v. *Brigham*, 10 Iowa, 36 ; *Harris* v. *Babbitt*, 4 Dill. 190.

BAKEWELL, J., delivered the opinion of the court.

This action is on a constable's bond, against him and his sureties. The breach assigned is that the constable, having entered upon the duties of his office on November 3, 1874, and continued in the discharge of those duties until January 27, 1877, did during that period collect, as constable, a large number of fees to which plaintiff's relator, as justice of the peace, was entitled, and failed to pay them over, and converted them to his own use. Defendants demurred on the ground that the petition did not set forth facts sufficient to constitute a cause of action. The demurrer was sustained. Plaintiff declined further to plead, and judgment was entered accordingly.

It is alleged that the constable was elected in November, 1874. The law then in existence provides that the constable shall hold his office for two years, and until his successor be elected and qualified. Acts 1874, p. 54, sect. 1. The act of 1875 (p. 29, sect. 2) provides that " all constables now in office in the county of St. Louis shall hold their respective offices until the next general election, to be holden in 1878, and until their successors are duly elected and qualified." The " Scheme," which went into operation October 20, 1876, provides (sect. 15) that all

the present constables shall hold office until the expiration of their present terms, and that all commissions of constables elected in the city of St. Louis shall be issued by the mayor and recorded by the city register, and their bonds approved by the mayor and recorded as the commission.   The General Statutes provide (Wag. Stats. 267, sect. 6) that " the constable's bond shall be filed with the clerk of the County Court, and may be sued upon at the instance of any person injured by its breach, if [suit be] brought within two years from the expiration of the time for which the constable was elected or appointed."   The condition of the bond sued on is set out as follows : " Whereas, the above bounden Jacob Kurtzeborn was, at the election held in the Eleventh Ward of the city of St. Louis, in the county of St. Louis, on the third day of November, 1874, duly elected constable for said ward : Now, if said Jacob Kurtzeborn will execute all process to him directed and delivered, and pay over all money received by him by virtue of his office, and in every respect discharge all the duties of constable according to law, then this obligation shall be void, otherwise of full force and effect."

This action was brought on January 6, 1879.   If the statute creates a bar by lapse of time, and the petition shows that the time has elapsed, the defence may be made by demurrer.   *Boyce* v. *Christy*, 47 Mo. 70.   The obligation of the sureties could not be extended by subsequent legislation. But the question is whether this has been done.   When did the term for which the sureties were liable by their stipulation expire?   Besides the provision of the special law cited above, the general statutes in force at the date of this bond provide (Wag. Stats. 963, sect. 1) that " all officers elected or appointed by authority of the laws of this State shall hold their offices until their successors are elected or appointed, commissioned, and qualified."   Of these provisions of law the sureties of Kurtzeborn were bound to take notice. They were a part of the contract.   Under the special law of

1875, cited above, Kurtzeborn would have been his own successor had that law been operative when his first term expired, in November, 1876.   He must, of course, have given a new bond, and it seems clear that his sureties would have been liable until the end of the second and last year of his first term, according to their express stipulation, and also for such time beyond this as would be reasonably sufficient to enable him to qualify by giving a new bond, because to such time his first term extended by virtue of the laws in force when his bond was given.   To hold otherwise would be disastrous, and would defeat the very object of the statutory provisions providing against an interregnum.   There is nothing contrary to this view in *Harris* v. *Babbitt*, 4 Dill. 185.   And this is the strict New England doctrine, as announced by Chief Justice Shaw in *Chelmsford Company* v. *Demarest*, 7 Gray, 1.   He is speaking, not of a public officer, but of the officer of a private corporation, and he says : " But some time must elapse after the reëlection to enable the officer-elect to express his acceptance, and some further time, if giving bond is a necessary qualification, to enable him to procure the execution of the bond.   The law having directed that such officer shall be chosen annually, it assumes and presupposes that such directions will be complied with, and then the words in question must be construed to mean till the next annual meeting at which such election is to be made, and such reasonable time thereafter as shall be sufficient to enable the officer-elect to procure and deliver his bond, or, if he fails to qualify, until the corporation can elect another and cause him to be qualified."   In other States it has been repeatedly held, as to public officers, that where the tenure is for a certain time and until the successor enters, the sureties are bound until the original incumbent is displaced by his successor.   The cases will be found cited by Judge Dillon in *Harris* v. *Babbitt, supra*.

The provisions of the Scheme, cited above, did not so change the office that Kurtzeborn would not have become really his own successor had he qualified after the expiration

of his first term in 1876, as if the Scheme and Charter had not been adopted.

The statute provides (Rev. Stats., sect. 647) that the bond of a constable shall be given within ten days; but if the constable, as in the present case, becomes his own successor, the liability of the sureties does not cease at the end of this period of ten days, but continues, according to the terms of the contract, until the constable qualifies by giving bond for the new term, or until he resigns or is ousted for inability or failure to qualify according to law. Action may be brought upon a constable's bond at any time within two years from the expiration of the time for which the constable was elected or appointed. The term of Kurtzeborn for which he was elected was two years from the November election in 1876, and such further period as should elapse till the qualification of his successor. As we have seen, by virtue of the statutory provision he was appointed his own successor, and continued to discharge his duties, according to the allegations admitted by the demurrer, for more than two months after the two years for which he was originally elected, and until January 27, 1877, during which period, as his successor had not qualified, the time or term for which he was originally elected still continued. This action being brought on January 6, 1879, was within the time of limitation fixed by statute. We think, therefore, that the demurrer ought to have been overruled.

The judgment is reversed and the cause remanded. All the judges concur.