WILLIAM SCHAEFFER, Respondent, *v.* LOUIS BERNERO,
Appellant.

March 14, 1882.

1. An official act done by the county court of St. Louis County under the mistaken belief that the Scheme and Charter had been defeated, is valid on the *de facto* principle.

2. A constable becomes his own successor when the legislature extends the term for which he was elected, and a bond executed by him after such extension is his official bond.

3. A constable is not in default for not paying over money in his hands before the return-day of the execution on which it was collected; and the sureties on his bond in force on the return-day are liable, though the money came into his hands before the execution of the bond.

4. A cause of action against a constable for the non-payment of money collected by him *does not accrue so as to* set in motion the statute of limitations until there has been a demand of payment or a return or report by him showing that the money had been made.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

E. T. FARISH, for the appellant.

GEORGE W. LUBKE and HENRY HITCHCOCK, JR., for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an action by a surety against his co-surety, for contribution.

It appears that plaintiff and defendant were co-sureties upon the bond given by one Drake, as constable. Drake was elected constable of the Eight Ward of St. Louis, on November 3, 1874, for a term of two years, and gave bond. The legislature, by act of March 24, 1875 (Acts, p. 29), provided, that constables then in office should hold until the general election of 1878 and the qualification of their successors. The county court, in consequence of this law, required Drake to give a new bond, and he accordingly gave

the bond on which plaintiff and defendant were sureties, on January 4, 1877. This bond was approved by the county court on January 8, 1877. One Prenderville, in November, 1876, sued one Hamilton by attachment before a justice of the Eighth Ward. Garnishees were summoned in this proceeding, who were discharged, on paying to Drake, on November 27, 1876, $102.80. After this, there was a publication against Hamilton, on which there was a judgment against him. Execution was issued on this judgment on December 23, 1876, returnable in ninety days. The execution was never returned; no part of the money collected from the garnishees was paid by the constable to the plaintiff in the execution. The costs were $28.25. On June 30, 1880, Prenderville sued Drake and the parties to the present suit, for failure to return the execution aforesaid and pay the money collected from the garnishees to Prenderville. The action was for the money retained by the constable and one hundred per cent. under the statute. Defendant not being served, the suit was dismissed as to him. The other defendants made default, and there was judgment against them for $373.25. Execution was issued; and, to save his property from levy, Schaeffer paid $296.75, on October 1, 1880, on this execution, which was then satisfied.

This action for contribution was begun on January 15, 1880, for one-half of the amount thus paid by Schaeffer. On appeal and trial anew in the circuit court, there was judgment for plaintiff for $137.02.

Appellant contends : —

1. That the bond upon which Prenderville sued and recovered judgment, was not the official bond of Constable Drake ; and that, if it was a private bond, even if good as a common-law bond, still, the first bond given by Drake was his only official bond, and no recovery ought to have been had by Prenderville against the sureties of Drake as constable, upon a bond which was not his official bond.

When the original two-years' term of Drake expired, in November, 1876, he became his own successor, and was properly required to give a new bond. *The State ex rel.* v. *Kurtzeborn*, 9 Mo. App. 246. The statute provided (Wag. Stats. 267, sect. 3 ; Rev. Stats., sect. 648), that, whenever any surety of a constable shall die, remove from the county, or become insolvent, or when, from any cause, the county court shall have reason to believe that the sureties to a constable's bond " are likely to become, or have become, insufficient," the court may require the constable to give a new bond ; after the approval of which, the sureties on the old bond are discharged. Sect. 649. The Scheme, which went into effect on October 20, 1876, provides (sect. 15), that " the present constables shall hold office until the expiration of their present terms, and that all commissions of constables elected in the city of St. Louis shall be issued by the mayor, and recorded by the city register, and their bonds approved by the mayor and recorded by the commission." But, although in theory of law, the Scheme and Charter became the organic law of the city and county of St. Louis before the general election of November, 1876, — that is, within sixty days from the election of August 22, 1876,— it was at first, and for a long time, supposed that the Scheme was defeated ; and elections were held in the fall of 1876, and the business of the city and county were carried on as if the fact did not exist of a separation, since evidence of the fact did not exist. During that period the bond of Drake was approved by the county court ; and, in accordance with the rulings of this court and of the supreme court upon questions arising out of the complications which ensued from the erroneous belief that the Scheme and Charter were defeated, the act of the county court, in approving the bond of Drake, was validated by the *de facto* principle. *The State ex rel.* v. *Sutton*, 3 Mo. App. 388 ; *The State ex rel.* v. *Finn*, 4 Mo. App. 347 ; *Adams* v. *Lindell*, 5 Mo. App. 197 ; *Fleming* v. *Mulhall*, 9 Mo. App. 72. We have no

doubt that the bond in question was, therefore, the official bond of Drake. The objections following from the theory that it was not his official bond fall to the ground, therefore, and we need not consider them at all.

2. It is secondly objected against the judgment, that the money having been received by the constable when the bond of 1874 was in force, the sureties on that bond were liable. To this we say that the constable having received the money from the garnishees officially, it must be presumed that he had it until the time came for the return of the execution. *The State to use* v. *Taylor*, 6 Mo. App. 277. He was not in default until then. The execution was not returnable until ninety days after December 23, 1876, and the bond was approved on or about December 11, 1876.

3. Appellant contends that Schaeffer might have successfully pleaded the statute of limitations to the action of Prenderville against Drake and Schaeffer. That action was brought under the provision of law that summons shall issue against a constable and his sureties whenever it is stated to the justice by the party injured that the constable has failed to return an execution, or failed to have on the return-day, the money collected on execution, or if he fail to pay over upon demand money received by him on any judgment, etc. Rev. Stats., sect. 3029. The time of limitation under the general law (Rev. Stats., sect. 3231) is three years, where the action is against a "sheriff, coroner, or other officer" for omission of an official duty. But there is a special provision in regard to constables (sect. 651), that the constable's bond "may be sued upon at the instance of any person injured by the breach, if [suit is] brought within two years from the expiration of the time for which the constable was elected or appointed." The term of Drake expired in November, 1878. The action of Prenderville was brought within two years of the end of the constable's term, but not within three years of the breach of official duty. But we need not determine whether the general or special clause

of limitation applies to a proceeding against the constable and his sureties under section 3029, because nothing appears to rebut the *prima facie* force of the judgment of Prenderville against Drake and Schaeffer. Admitting that Bernero can make any defence in this action for contribution that Schaeffer might have made when sued (since, where there is an obligation to indemnify the person against whom a judgment is rendered, the defendant who was not a party to that action, may make any defence that could have been made in the original suit), it does not appear that there was any bar that could have been pleaded successfully by Schaeffer, because the cause of action against a constable for failing to account for moneys collected by him, does not accrue so as to put in motion the statute of limitations until there has been a demand of payment or a return or report by the officer showing the money has been made. *Kirk* v. *Sportsman*, 48 Mo. 383. It does not appear that there was any demand before the suit, of Prenderville, or any return of the execution by the officer.

The judgment is affirmed. Judge Lewis is absent; Judge Thompson concurs.

Bakewell, J., delivered the opinion of the court on a motion for a rehearing.

We have stated explicitly in the opinion that Constable Drake, under the special law of 1875, became his own successor. A new term was created, and he was bound to qualify precisely as in case of an election or appointment. The statute required that every constable should give bond within ten days after election or appointment, the bond to be approved by the court. Wag. Stats. 266, sect. 2. All this matter is fully gone into in the case of *The State ex rel.* v. *Kurtzeborn* (9 Mo. App. 245), to which reference is made in the opinion in the present case. For the reason that the sureties on the first bond of Drake had stipulated only for the original term, they had "become insufficient" within

the meaning of the law.    It is true that the liability of the sureties would continue until a new bond was given, or the constable ousted for failure to qualify, or until he resigned. But a new bond was, nevertheless, required for the new term, for this term the sureties were and " had become," by the creation of the new term, " insufficient."    All this is so plain, and follows so directly from what is said in the opinion, that we did not think it necessary, to make ourselves understood by counsel, to be more explicit.

The application for rehearing is denied.    All the judges concur.