State of Missouri, ex rel. Theo. Eagle, Respondent, *v.* Thomas C. Lidwell et al., Appellants.

### March 14, 1882.

1. A constable becomes his own successor when the legislature extends the term for which he was elected, and a bond executed by him after such extension is his official bond.

2. The statute does not begin to run against a constable who has converted money deposited with him as a tender by a defendant, until demand has been made, or until the constable makes report or return thereof.

3. The law will not presume a conversion of money officially in the hands of an officer, in the absence of proof of a demand.

4. The sureties in a second bond given by a constable who was his own successor may be liable for moneys received during the time covered by the first bond where the default occurs during the second term.

Appeal from the St. Louis Circuit Court, Thayer, J. Affirmed.

E. T. Farish, for the appellants.

Bakewell, J., delivered the opinion of the court.

This action was begun on June 30, 1880, before a

justice of the peace, against a constable and the sureties on his bond. The action is brought directly upon the bond. On trial anew in the circuit court, there was judgment against all the defendants.

1. It appears that Lidwell was elected constable of the Fifth Ward of the city of St. Louis, at the November election, 1874. In consequence of the act extending the terms of constables, he was required to give a new bond by the county court, which he did, the bond being approved by the court on December 26, 1876. It is this second bond that is sued upon. It is objected that this bond never became an official bond of the constable. The grounds of this objection are precisely those urged in the case of *Schaeffer*, v. *Bernero* (*ante*, p. 562). We have considered them in that case, and refer to what is there said. The bond seems to be the official bond of the constable.

2. Plaintiff's relator was defendant in an action begun before the justice of whose ward Lidwell was constable, in which he deposited with Lidwell, as constable, $41.10, as a tender for the amount of indebtedness which he admitted, and for costs. On the same day, November 29, 1876, the justice rendered judgment against Eagle for $36, from which the plaintiffs in the action appealed. On trial anew in the circuit court, judgment was recovered against Eagle for $202, which he paid on June 30, 1879. The present proceeding is to recover the $41.10 which Eagle deposited with Lidwell. Appellant contends that Eagle might have withdrawn the deposit from the hands of the constable, and deposited the same in the circuit court, on appeal; and says that, inasmuch as Eagle knew the constable had the money, the statute of limitations began to run from the date of the appeal to the circuit court. The rule is established in this state, that the cause of action on the bond of a sheriff for failing to account for moneys collected by him, does not accrue so as to set the statute in motion, until there has been a demand, or until the officer has made a

return or report to the proper court. The rule has been variously laid down in other states, and much difficulty has been felt in determining the time. The fact that the party injured knows, or with diligence may know, that the officer has the money, is no ground for laying down another rule in such case. *Kirk* v. *Sportsman* (48 Mo. 383), was a case in which the plaintiff gave the constable a note to collect, which was collected without legal process, and there was no return of process or report to any court required. It was held that the statute did not begin to run until demand.

3. Appellant contends, that the money having been received by the constable whilst the first bond was in force, the sureties on that bond, and they alone, are liable. We do not see that there was any breach of the first bond. It does not appear when the appeal was taken from the judgment of the justice in *Meier* v. *Eagle*. When the constable received the deposit, he was bound to retain it for a certain time. It does not appear that he did not have it, and properly have it, when the second bond was given; he is not shown to have refused to pay it over whilst the first bond was in force. The law will not presume that the constable converted the money during the term covered by the first bond. *The State to use* v. *Taylor*, 6 Mo. App. 277. In *Ingram's Administrator* v. *McCombs* (17 Mo. 558), it is held that the sureties in a sheriff's bond are liable for his failure to pay moneys received in his official capacity during their bond, though the money was proceeds of a particular sale made by the sheriff during a former term covered by a bond with other sureties, the sheriff being his own successor.

We see no reason for disturbing the judgment. No argument or brief has been submitted in this case by counsel for respondent.

The judgment is affirmed. Judge LEWIS is absent; Judge THOMPSON concurs.