STATE OF MISSOURI, EX REL. J. F. WALTON, Appellant, *v.* WILLIAM SCHAEFFER ET AL., Respondents.

#### May 30, 1882.

The statute bars an action against the sureties on a constable's bond after the lapse of two years from the expiration of his term of office, notwithstanding he, by his omission to make return, has kept the parties in ignorance of the facts constituting the cause of action.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

C. C. SIMMONS, for the appellant.

HITCHCOCK, LUBKE & PLAYER, and E. T. FARISH, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

This is an action upon the official bond of one John W. Drake, as constable of the Eighth Ward of the city of St. Louis. The action was dismissed as to Drake, and is prosecuted against his sureties. It appears that Walton was justice of the Eighth Ward aforesaid, and Drake was elected constable of the ward for a term of two years, which, by the legislature, was extended until November 3, 1878. On January 4, 1877, Drake gave the bond in question here, which, by its terms, covered the period until the qualification of his successor, which occurred on November 15, 1878.

Defendants Schaeffer and Bernero were the sureties on this bond.

After these preliminary allegations, breaches of the bond are assigned in the following language : " The plaintiff further says, however, that the said defendant John W. Drake, while acting as constable as aforesaid, prior to November 15, 1878, did not, in every respect, discharge all the duties of constable according to law, nor did he pay over all money received by him by virtue of his office, as he was bound to do by law and the condition of his bond or obligation ; and for more particular and special breaches of said bond and condition thereof, the plaintiff alleges and assigns that said defendant John W. Drake, in his capacity of constable aforesaid, did at various times before the said November 15, 1878, receive of and from the said John F. Walton, while acting as justice of the peace aforesaid and by virtue of his said office during the years 1877 and 1878, a large number of summonses, subpœnas, writs of attachment, warrants, executions, fee-bills, and other process of various kinds, to be served, executed, and collected by him ; said Drake, in his said capacity as constable, did receive and collect on account of said summonses, writs of attachment, warrants, executions, fee-bills, and other process of various kinds, a large sum of money, to wit, the sum of $732.25, all of which had accrued to and belonged to him, the said John F. Walton, for fees and costs which he was lawfully entitled to have and receive by virtue of his office of justice of the peace as aforesaid ; but that said Drake entirely failed and neglected, until long after, and subsequent to December 14, 1878, to make any return of as constable, or in any manner whatever account to said Walton for, the said several sums collected and received by him, and' which had accrued and belonged to said Walton as aforesaid ; and has hitherto neglected and refused to pay over to said Walton said money or any part thereof, although often requested by said Walton so to do, and that the particular account of

said money so collected by said defendant Drake as constable aforesaid belonging to said Walton as justice of the peace as aforesaid, containing the items thereof, is hereunto annexed and made part of the record in this case."

The petition was filed on December 14, 1880.

The sureties demurred, on the ground that the petition does not state constitutive facts : *First,* because it appears that the action was brought more than two years after the expiration of the constable's term, on November 15, 1878 ; and, *second,* because the alleged breaches are not separately, definitely, or sufficiently stated. The demurrer was sustained. Plaintiff declined further to plead, and there was final judgment for defendants.

The statute provides that the constable's bond " may be sued upon at the instance of any person injured by its breach if [action be] brought within two years from the expiration of the time for which the constable was elected." Rev. Stats., sect. 651. It is contended by the appellant that, inasmuch as the petition alleges that no return or report was made by the constable, the statute of limitations was not put in motion until a demand by the creditor.

As to this, it is held that, where the failure of the constable to make report or return appears, the general clause of limitation cannot be invoked as a shield until the statute has been put in motion by a demand. *Schaeffer* v. *Bernero,* 11 Mo. App. 562 ; *Kirk* v. *Sportsman,* 48 Mo. 383 ; *The State ex rel.* v. *Miner,* 44 Mo. 373. But this ruling does not seem to apply to the present case. The statute seems to be clear that there can be no action upon the bond of a constable where the suit is not brought within two years from the expiration of the term covered by the bond. It was competent for the legislature to provide that the sureties of a constable should incur no liability for violations of his official duty by the constable not discovered and sued for within two years from the expiration of his term. They seem to have done so ; and, although the statute of limita-

tions may not shield the officer himself, where, by omission of duty, he has kept the court and the parties to the action in ignorance, by failing to make a return, yet, so far as his sureties are concerned, there can be no action against them not begun before the time limited by the statute for actions upon the constable's bond.

This view of the case makes it unnecessary to consider the other objections to the petition raised by the demurrer. The judgment is affirmed. All the judges concur.