THE STATE EX REL. KNAPP, STOUT & Co. COMPANY,
Respondent, v. JOHN FINN ET AL., Appellants.

St. Louis Court of Appeals, November 9, 1886.

1. BONDS, OFFICIAL—PRINCIPAL AND SURETY.—The sureties on a second official bond given during the officer's term, and which recites that it is given in lieu of the former bond, are liable for the officer's defaults during his entire official term.

2. ——— STATUTE OF LIMITATIONS—SHERIFFS.—The statute of limitations does not begin to run in favor of the sureties on a sheriff's official bond, where the sheriff has sold property under an order of sale in attachment proceedings, until, by final judgment or otherwise, the right to the proceeds in his hands shall have been determined.

3. ——— An action brought on the bond by the plaintiff in the attachment proceedings within three years after the determination of the controversy in that suit is not barred, although the sheriff may have converted the money to his own use more than three years prior to the bringing of the suit on the bond.

APPEAL from the St. Louis Circuit Court, DANIEL
DILLON, Judge.

*Affirmed.*

E. T. FARISH, for the appellants : The report which
the sheriff makes under such orders of sale is like his
return on an order of sale in a partition case, or on an execution, or any other process of court. And when such
return is made, the statute of limitation is put in motion.
*The State ex rel. v. Lidwell*, 11 Mo. App. 567 ; *Kirk v.
Sportsman*, 48 Mo. 383. It appearing that the money
was received during the running of the previous bond,
and that the money was not on hand when the second
bond was executed, the securities on the second bond are
not liable. *The State to use v. Taylor*, 6 Mo. App. 277 ;
*The State to use v. Witherson*, 40 Mo. 290 ; *United States
v. Farrar*, 5 Pet. 373 ; Brandt on Suretyship, sect. 449.

FRANK J. DONOVAN, for one of the appellants : The
cause of action on the bond, if any, is barred by our
statute of limitations. Rev. Stat., sect. 3231. Hag-
gerty's estate can not be held liable for money received
and converted by the principal in the bond when the
conversion was prior to the execution of the bond. *The
State to use v. Taylor*, 6 Mo. 277 ; *The State v. Atherton*,
40 Mo. 209.

G. M. STEWART, for the respondent: The bond
sued on is, in legal effect, as obligatory on the sureties
to pay the money sued for as if executed before it had
been received by the defendant, Finn. *Pinkstaff v.
The People*, 69 Ill. 148 ; *Scofield v. Sewell* [9 Hun] Sup.
Court, N. Y. 157 ; *Steele v. Graves*, 68 Ala. 17 ; *Corprew
v. Boyle*, 24 Gratt. 284 ; *The State v. Drury*, 36 Mo. 281 ;
*Ingram v. McCombs*, 17 Mo. 558 ; *The State v. McCor-
mick*, 50 Mo. 568. The statute of limitations did not begin
to run until after the time limited in the order, after the
copy of the order had been served, which was in June,
1883. *The State ex rel. v. Lidwell*, 11 Mo. App. 567–569 ;
*The State v. Minor*, 44 Mo. 373 ; *Kirk v. Sportsman*,
48 Mo. 383 ; *Succession of Hugh McCloskey*, 32 La. An.
146 ; *Thurston v. Blockston*, 36 Md. 501 ; *Bonner v.
Young*, 68 Ala. 35.

ROMBAUER, J., delivered the opinion of the court.

This cause was heretofore before this court, and its
opinion on the former appeal is reported in 19 Mo. App.
560. When the cause was remanded, the plaintiff with-
drew its demurrers to the defendants' answers, setting
up the statute of three years limitation, and filed a gen-
eral reply to such answers.

The following facts appeared in evidence on the re-
trial of the cause. The defendant, Finn, was elected
sheriff of the city of St. Louis for a term of two years in
November, 1878. On the twenty-first of November, 1878,

he gave bond as such sheriff. On the twenty-ninth of November, 1879, he was ordered by the court to give a new official bond in lieu of the bond which he had formerly given, and did give such bond with his present co-defendants as sureties. The bond thus given recites that it was given in lieu of the bond approved November 21, 1878, and is conditioned that said John Finn shall well and faithfully in all things discharge the duties of the sheriff of the said city of St. Louis during his continuance in said office.

In December, 1878, the plaintiff instituted suit by attachment, and caused the writ of attachment to be levied on certain personal property, which was subsequently by order of court sold by Finn as sheriff. On the fourth of January, 1879, Finn made his report of sale under this order, but did not pay the money into court, not being ordered so to do. The amount realized was $2,122.14. The controversy in the attachment proceeding was not terminated until 1883. In that year, and while the cause was still pending in the supreme court, the parties compromised the litigation, and as part of such compromise, the proceeds of the attachment sale were assigned to the plaintiff. The plaintiff thereupon, on the fourth of June, 1883, obtained an order of court directing the sheriff to pay such proceeds to him. November 30, 1883, E. T. Farish, attorney in fact for the sureties, did pay to the plaintiff on this claim three hundred and fifty dollars out of fees earned by sheriff Finn during his official term, which had been assigned to him for the benefit of the sureties. No part of the balance was ever paid. The present action was instituted September 20, 1884, and within three years after the plaintiff became entitled to the fund by assignment.

There was evidence tending to show that Finn had converted the money in controversy to his own use, prior to November 29, 1879, the date of the bond sued upon in this action.

This being all the evidence the trial court instructed

the jury to find for the plaintiff, and the only question raised by the appeal is whether the plaintiff upon the facts shown was entitled to judgment as a matter of law.

The defendant sureties contend, that they became by the terms of the bond responsible only for such defaults of their principal as occurred thereafter, and not for his defaults during his entire official term, and that the evidence tending to show that the default occurred prior to the date of the bond, should have been submitted to the jury. This view is not tenable. The bond sued upon by its terms purports to take the place of the bond originally given, which, for some reason not disclosed by the record, was deemed insufficient.

Where an officer proves a defaulter and has held the office under different appointments, with several sets of sureties, it is now settled that those sureties alone will be responsible who were on the bond at the time when the defalcation occured. *Draffin v. Boonville*, 8 Mo. 395 ; *The State v. Smith*, 26 Mo. 226, 231 ; *The State to use v. Atherton*, 40 Mo. 209, 220 ; *The State to use v. McCormack*, 50 Mo. 570. This, in the absence of a contrary intention, is the law even where the bonds are successive bonds under the same appointment. *Smith v. Paul's Ex.*, 21 Mo. 51. But in this case the bonds were given under the same appointment, and the contrary intention is manifest by the terms of the bond. The bond was to stand in lieu, or in place of the bond formerly given, and rendered the sureties responsible for the sheriff's conduct during his entire official term.

A question of greater difficulty is presented by the interposition of the special statute of limitations. It is conceded that a cause of action against a sheriff and his sureties for misconduct, such as is herein complained of, is barred by limitation unless the action is commenced within three years after its cause accrued. The default complained of is the default of the sheriff to pay over the money to the plaintiff when ordered so to do by the court, and the plaintiff contends that the action accrued

when this order was disobeyed. On the other hand the defendants contend that the default consisted in not paying the money into court after the attachment sale, or rather of converting it after the sale to the sheriff's own use. The statute provides that the officer shall make return of the order of sale in attachment cases, at such time as shall be expressed in the order, showing how he has executed the same, "and the proceeds of the sale shall be paid into court or otherwise disposed of as the court or judge may order." Rev. Stat., sect. 425.

In the present case the officer did make a return in due time, and there was no order of court touching the disposition of the funds until June 4, 1883.

The defendants contend that the cause of action accrued when the sheriff made his return showing what funds were in his hands, and claim that the point is thus decided by the ruling of this court and of the supreme court in analogous cases of sales on execution and in partition. *The State ex rel. v. Minor*, 44 Mo. 373 ; *Kirk v. Sportsman*, 48 Mo. 383 ; *The State ex rel. v. Lidwell*, 11 Mo. App. 567. There is, however, a marked difference between the two cases. In the latter the execution creditor, or the distributee in partition, has a vested interest in the fund, which gives him a right in one case to demand its immediate payment to him, and in the other to intervene at once for its protection. It is not so in attachment proceedings. The interest of parties to the attachment suit is contingent upon the termination of the controversy. Suppose the plaintiff in the present proceeding had sued the sheriff for a conversion of the fund, prior to any adjudication that he was entitled to it, will it be contended that he could have recovered, if at all, substantial damages ?

It has been held in Maine, in an action against a sheriff, for taking insufficient security in a replevin bond, that the statute began to run in the sheriff's favor only from the date of the final judgment in the

replevin suit. The court in that case said that "whether the plaintiff in the case would be injured by the misconduct of the officer, could not be known until he had recovered judgment." *Harryman v. Wilkins*, 20 Me. 93. The very sensible view taken in that case was referred to with approval by our own supreme court in *Lesem v. Neal* (53 Mo. 419), where it was held that the cause of action against the sheriff for unauthorized release of attached property accrued only at the date of final judgment in the attachment suit.

In analogy with these cases we must hold that the plaintiffs' cause of action in this case did not accrue until the controversy, touching the ownership of the funds realized by the sheriff on attachment sale, was terminated. It is conceded that that was not terminated until 1883, and within three years prior to the institution of this suit. The facts, therefore, fail to support the plea of the statute and this point also must be ruled against the defendants.

The views taken by us on the points above stated, dispense with the necessity of passing on the effect of the alleged part payment made by the attorney of the sureties in November, 1883.

All the judges concurring the judgment is affirmed.