INGRAM'S ADMINISTRATORS, Respondents, *vs.* McCOMBS & FARRAR, Appellants.

1. The securities in a sheriff's bond are liable for his failure to pay over money received in his official capacity during the term of office covered by their bond, although the money arose from a partition sale made by him during a previous term of office covered by a bond with different securities.

*Appeal from Perry Circuit Court.*

*M. Frissell*, for appellants.
*J. W. Noell*, for respondents.

RYLAND, Judge, delivered the opinion of the court.

This was a civil action, brought by the administrators of the estate of George W. Ingram against Benjamin R. Albright, late sheriff of Perry county, and William McCombs and Moses Farrar, securities upon Albright's official bond, executed in August, 1848, to recover a sum of money, ordered by the Circuit court of the county of Perry to be paid over to George W. Ingram, in his life time. The money arose from a sale of lands for the purpose of partition, in which Ingram had an interest.

The petition alleges, that the lands, from the sales of which, the money in controversy arose, were sold at the May term of

the Circuit Court of Perry county, in the year 1848, and also at the November term of said court, in 1848 ; that, at the November term of the said court, in 1849, Albright reported the money collected and on hand, and that he was ordered, at that term, to pay over to George W. Ingram, $181 37½, as his share. The petition charges, as a breach of the bond executed by the sheriff, Albright, and his securities, in August, 1848, the failure of said Albright, as sheriff, to pay over to Ingram this sum of money. The answer of McCombs and Farrar, who alone defend, (Albright being insolvent,) admits all the allegations in the petition, except the one charging that a portion of the lands were sold at the November term, 1848. They insist, that the sales of the lands were made at the May term, 1848, and before they became securities upon Albright's bond, as sheriff, and not afterwards.

It appears from the record, that some land was sold under proceedings in partition, at the May term, 1848, of the Perry Circuit Court, by Albright, as sheriff ; that, at the August election, in 1848, said Albright was reëlected sheriff, and was duly qualified; and that afterwards, at the May term of the Circuit Court for said county, in the year 1849, he received money which he failed to pay over.

The court rendered judgment for the petitioners ; defendants filed their motion for a review, and for a new trial, which being overruled, they bring the case here by appeal.

1. The only question for the consideration of this court is, as to the liability of the securities on the sheriff's bond, executed in August, 1848, after the sale of the lands in May preceding.

The defendants contend, that the statute regulating partition of real estate fixes the liability on the sheriff in office, when the sale was made, and on his securities. In this case, the same person was sheriff at the sale in May, 1848, and in May, 1849, when the money was reported as having been collected and then on hand. But the securities, McCombs and Farrar, who signed the sheriff's bond in August, 1848, after the sale of the land, contend, that they are not liable for their principal,

in failing to pay over money which came to his hands after they had become his sureties, by reason of a sale under proceedings for partition made before they had so become his securities.

The plaintiffs contend that the securities are liable, and they rely upon the thirty-sixth section of the act concerning "Partition," R. C. 1845, p. 771, which is as follows :

Sec. 36. "The sheriff and his securities shall be responsible, on his official bond, for his.acts in cases of partition, and for the notes, bond or money collected or received by him, and he may be compelled to account for and pay over the same in the same manner as in cases of money collected on execution."

· The defendants· rely upon the following section of the same act, to place the liability on the securities of the sheriff in the bond given for his first term of office :

Sec. 37. "If any sale be made by any sheriff before he goes out of office, and the business be not completed when he ceases to be sheriff, he·may do all subsequent acts, collect and pay over the money and make the deed, in the same manner as if he continued to be sheriff, unless the Circuit Court shall, by order, direct the business to be transferred to the next sheriff, in which case, all acts remaining to be done by the sheriff, at the date of such order, shall be done by the sheriff then in office."

This court cannot tell from the record, whether all the land was sold at the May term, 1848, or not ; nor can we see how much money was collected from the sale made before August, 1848. None of the evidence is preserved. The motion for review embodies some facts, but from these facts nothing appears by which this court can ascertain how much money was collected from the sale in May, 1848, before the execution of the sheriff's bond, or how much from the sale in November, 1848. There is nothing to inform us about the sale in November ; the petition charges, that a sale did take place in November ; the answer denies it. There is no evidence upon this

point, nor is there any finding of facts by the court preserved on the record.

The difficulty arises in this case by the same man being elected sheriff in August, 1848. There is no doubt, under the statute, that Albright might have continued to carry out and complete the sale which he made in May, 1848, had he not have been reëlected in August, 1848, and the securities, under his bond, would have been liable. But his election, in August, 1848, and his giving bond after the sale in May, does not exonerate him for failing to pay over and account for moneys which came to his hands, as sheriff, after the election in August, 1848. The money was reported as collected and on hand in May, 1849. It was ordered to be paid over to the distributees at that time.

This court must construe the two sections of the act of partition, above recited, together, and in doing so, although it is plain, that a sheriff, going out of office, may still be held responsible, he and his securities, yet this is no reason why the same man, reëlected to office, as sheriff, and giving bond, as required by law, should not be held responsible, he and his securities, for all moneys coming to his hands as such officer, during his second term of service. The money, in this case, was received by him *colore officii*, and for his neglect or failure to account for it and pay it over, as directed by the court, his bond became forfeited and his securities, as well as himself, became liable to the persons aggrieved.

The judgment of the court below is, by the concurrence of the other judges, affirmed.