E. A. & S. R. FILLEY, Appellants, *vs.* TALBOTT, Respondent.

1. Where a witness has been permitted to speak of the contents of a writing, without having it present or accounting for its absence, the court should exclude such evidence from the jury, if it is objected to while the witness is still testifying.
2. Where a plaintiff has recovered judgment before a justice of the peace, and on appeal to the circuit court, has judgment for a less sum, it is error to adjudge the whole costs against him.   The statute only makes him liable for the costs of the appellate court.

### *Appeal from Clay Circuit Court.*

This was a suit begun by E. A. & S. R. Filley, the appellants, against Lawson A. Talbott, the respondent, before a justice of the peace of Clay county, upon a note for eighty-eight dollars and seventy-five cents, dated October 11th, 1850, and payable two months after date.   The plaintiffs recovered judgment before the justice for twenty dollars and four cents and their costs, from which they appealed to the Circuit Court. Upon a trial *de novo* in that court, the plaintiffs read in evidence the note sued upon and rested their case.   By consent of plaintiffs, the defendant then read in evidence an account of queensware bought by him of them, showing a balance, after deducting credits, of $88 75 due plaintiffs, which they admitted to be the balance for which the note was given.

The defendant then introduced Fielding Huggins, as a witness, who testified substantially, that one of the plaintiffs, in conversation with him, at their place of business in St. Louis, told him that the the above account had been made out by one of the clerks and that the clerk had made a mistake in extending the items, and requested witness to say to Mr. Talbott, that he (Filley) would correct the mistake, if he (Talbott) would call on him, when he next came down to St. Louis.

The defendant then introduced John Porter, as a witness, who stated that he had examined the account referred to above, and had compared it with a bill of queensware purchased by

Messrs. Vanosdell & McCoun of plaintiffs, and that, so far as the bills related to similar articles, they were charged from forty to fifty per cent. higher in Talbott's bill, than in Vanosdell & McCoun's. After this witness had given this testimony, and while he was testifying in relation to the prices of some of the items in Talbott's bill, plaintiffs objected to his testimony in regard to the Vanosdell & McCoun bill, for the reason that the bill itself should be produced; but the court overruled the objection, assigning as a reason, that it came too late.

The defendant then introduced David Roberts, who testified that he had examined the account given in evidence, and found some of the articles charged at prices from thirty to forty per cent. higher than those at which he had purchased the same descriptions of articles in St. Louis.

The jury found a verdict for the plaintiffs for the sum of nine dollars and fifty cents. The court rendered judgment for this amount and also for the costs of this suit. The plaintiffs filed their motions for a new trial and in arrest of judgment, which being overruled, they excepted and appealed to this court.

*Parsons*, for appellants. 1. There was no evidence to warrant the finding. The respondent, having accepted and closed the sale, at the prices specified in the account, by paying part of the account and executing his note for the balance, was estopped from setting up the alleged high prices, as a defence. 2. There is no evidence of any mistake in the account. It was offered in evidence by the respondent and he is bound by it. An inspection of it shows that there is no mistake in it, and proves, conclusively, that Huggins was mistaken in regard to Filley's remark about error in the extensions, or that Filley himself was mistaken. 3. The objection to Porter's testimony was well taken and it ought to have been excluded. 1 Greenl. 169. *Spencer* v. *Billing*, 3 Camp. 310. 4. It was error to render judgment against the appellants for the whole costs. They ought only to have been taxed with the costs of the appellate court. R. C. 1845, sec. 15, p. 243.

*Abell & Stringfellow*, for respondent. 1. The defence went to the consideration of the note. Besides, the agreement of Filley authorized it. 2. The admission of the evidence of Porter is not assigned for error. It was not objected to on the trial until it had been given, and the witness examined as to other matters. The objection would not have been good, if it had been made in time, as the witness did not testify to the contents of the paper. 3. The court, perhaps, erred in the taxation of the costs in the justice's court, (ninety cents,) against the appellants, and would, doubtless, have corrected the error, if its attention had been called to it. No such objection was made to the judgment. It is submitted, that this error may be corrected, without a reversal.

RYLAND, Judge, delivered the opinion of the court.

The question of most importance in this case, arises in regard to the witness, Porter. He was called and testified about the contents of a bill of merchandise, bought of the plaintiffs by Vanosdell & McCoun. He spoke of the difference in the prices charged for similar articles, as appeared from the bill of Vanosdell & McCoun, and the bill which was offered in evidence by Talbott. The bill of Vanosdell & McCoun was not before the witness—was not in court ; nor was its absence accounted for. After the witness had testified about the bill of Vanosdell & McCoun, and whilst he was still before the court as a witness, the plaintiffs objected to his testimony in regard to the Vanosdell & McCoun bill, for the reason, that the bill itself should be produced; the court overruled the objection, assigning as a reason, that it came too late.

The testimony of this witness was incompetent ; he could not testify as to the contents of the bill of Vanosdell & McCoun; the bill itself was the evidence by which the witness knew that there had ever been a sale to Vanosdell & McCoun of merchandise by the Filleys ; it gave him the evidence of the sale, the items and the price : these he was called to state. It

is, then, most obvious, that he was speaking of the contents of the absent bill. The court below was apprised of the illegality of this evidence, but refused to reject it, because the plaintiff's objection came too late. In this the court erred; there was the witness still on the stand, still testifying before the court, and it was the duty of the court to withdraw the evidence from the jury, and direct them not to consider it in their verdict. It was not too late to remedy the error, and it should have been done as soon as the court had its attention called to it. The judgment for costs of the suit, too, is incorrect; it should have been for the costs of the appellate court only.

The judgment below is reversed and the cause remanded, the other judges concurring.