THE STATE OF MISSOURI, TO USE OF WILLIAM H. PACE, ADMINISTRATOR OF WILLIAM SEATON, Plaintiff in Error, *v.* R. J. McCORMACK *et al.*, Defendants in Error.

1. *Sheriff — Bonds, official — Re-election — Liability of bondsmen.* — When a sheriff sells property under order of court, but does not receive the money in payment till after his term of office has expired, but was then the sheriff under a new election and had given a new bond, and he fails to pay over the money, *held,* that the liability is determined by the time of the defalcation, and the second bondsmen are liable.

The State of Missouri, to use of Pace, Adm'r of Seaton, v. McCormack et al.

*Error to Montgomery Circuit Court.*

*R. W. Jones*, for plaintiff in error.

The defendants are liable on defendant McCormack's sheriff's bond for the money sued for, because it was received by McCormack in his official capacity during the term of office covered by their bond, although the money arose from a partition sale made by him during a previous term of office, covered by a bond with different sureties. (Ingram's Adm'rs v. McCombs & Farrar, 17 Mo. 558–561; Todd *et al.* v. Boone County, 8 Mo. 436.)

*Sanders & Carkener*, for defendants in error.

To charge the second bondsmen, an order should have been made by the court transferring the business to McCormack as sheriff by virtue of his second election. (Wagn. Stat., partition act, § 36; The State, to use of Vance, v. Marney, 13 Mo. 7.) The liability of sureties will not be extended beyond the very terms of their contract. (Miller v. Stuart, 9 Wheat. 680; Blair v. Perpetual Ins. Co., 10 Mo. 559; 8 Mo. 549.) McCormack, as sheriff for a first term, is, in the eyes of the law, so far as his sureties are concerned, as distinct from himself, as his own successor, as a third party would be. (13 Mo. 7; 26 Mo. 226; 13 Mo. 437; Wagn. Stat. 612, § 58.)

WAGNER, Judge, delivered the opinion of the court.

McCormack, the defendant, was sheriff of Montgomery county, and during his first term of office, by order of the Circuit Court, he sold some lands which had been adjudged to be sold in partition. The terms of the sale were half cash to be paid down and the balance in six months. The money for the deferred payment was collected by McCormack after he had been re-elected to the office of sheriff, and while he was serving his second term, and had given new sureties, and he failed to pay the same over to the person entitled thereto, in pursuance of an order made by the court for that purpose. This suit was brought against him and his sureties on his second bond, and the court sustained a demurrer

to the petition, deciding in effect that the sureties in the last bond were not liable. It is to reverse that decision that this writ of error was sued out and prosecuted.

It does not appear that any order of court was ever made transferring the business touching the matter of the partition to the new sheriff as his own successor, and it is therefore argued that all his acts were done in furtherance and completion of his sale made in his first term, and that the sureties on his first bond were alone responsible for the breach and default. No principle of law is better established than that where an officer proves a defaulter, and has held the office under different appointments, with several sets of sureties, the sureties will be responsible who were on the bond at the time the defalcation occurred. (Draffen v. Boonville, 8 Mo. 395 ; Todd v. Boone County, *id.* 431 ; The State v. Smith, 26 Mo. 226 ; Smith v. Paul, 21 Mo. 51 ; Drury v. Drury, 36 Mo. 281 ; The State v. Atherton, 40 Mo. 209.)

This is the general principle, but it is sought to evade it in this particular case on the ground that the statute points out a different rule. The case must be decided by a construction of the law relating to partition. (Wagn. Stat. 971, §§ 35, 36.)

The question is not new in this court ; it has been directly presented in two former cases, in both of which the facts were essentially the same as in the one we are now considering. The first is Marney *et al.* v. Vance, 13 Mo. 7. There a sheriff during his first term made a sale of real estate on credit, under the statute concerning partition. He was elected for a second term and gave a new bond. During the second term he collected the money and failed to pay it over, and it was decided that the failure to account for the money was a breach of his first bond, and his sureties in that bond were liable for the breach ; that all the acts done by the sheriff in the matter during the second term were only in completion of the duties incurred under the first bond.

But in Ingram's Adm'r v. McCombs *et al.*, 17 Mo. 558, Marney *et al.* v. Vance is directly overruled, although it is not alluded to in the opinion of the court. It is there held that the sureties in a sheriff's bond are liable for his failure to pay over money received in his official capacity during the term of office covered

by their bond, although the money arose from a partition sale made by him during a previous term of office, covered by a bond with different sureties.    The court in the judgment sets out and examines the two sections of the statute bearing on the subject and heretofore referred to, and say in their conclusion :    "This court must construe the two sections of the act of partition, above recited, together, and in doing so, although it is plain that a sheriff, going out of office, and his sureties, may still be held responsible, yet this is no reason why the same man re-elected to office as sheriff, and giving bond, as required by law, should not be held responsible — he and his sureties — for all moneys coming to his hands as such officer during his second term of service. The money, in this case, was received by him *colore officii*, and for his neglect or failure to account for it, and pay it over as directed by the court, his bond became forfeited, and his sureties as well as himself became liable to the persons aggrieved."

This case is an adjudication on the very point now under consideration, and is binding authority.    It rules the case against the views held by the court below.

Had a new sheriff come into office, instead of the old one being re-elected, it is manifest that he could not have received the money, and his sureties would not have been bound for it if he did, unless the court by an order had directed the business to be transferred to him.    But when the sheriff who had made the original sale is re-elected, he becomes his own successor, the business is already in his hands, and it is not perceived that there is any necessity for an order making a transfer.    Whatever money is received during his term is received by color of his office, and his neglect or failure to pay it over constitutes a breach for which he and his sureties are liable.

Wherefore it results that the judgment must be reversed and the cause remanded.    The other judges concur.