G. HAUSMANN, Defendant in Error, v. JOHN C. HOPE
ET AL., Plaintiffs in Error.

Kansas City Court of Appeals, January 4, 1886.

1. PRACTICE—RULE FIFTEEN OF THIS COURT.—This court will not go
to the transcript to ascertain the character of an instrument con-
tained in it, where not even the substance of it is furnished in the
abstract of the record, and in such case every reasonable intend-
ment is to be indulged in favor of the regularity of the proceedings
and the correctness of the judgment of the trial court for the pur-
poses of a review by this court.

2. FRAUDULENT CONVEYANCES—WHAT MUST BE SHOWN IN ORDER TO
INVALIDATE.—The fraudulent intent of the grantors in a deed is not
alone, enough to avoid the deed. It devolves upon the attacking
creditors to introduce proof tending to show that the beneficiaries
had knowledge of such fraudulent intent, and, also, that they partic-
ipated therein, and of this fact there must be tangible evidence, not
mere suspicion.

3. MORTGAGED PROPERTY—POSSESSION UNDER MORTGAGE—RIGHTS OF
MORTGAGEE.—A mortgagee being in possession of the property under
the mortgage, the creditors of the mortgageor have no right to inter-
rupt that possession, without first satisfying the mortgage debt;
and in such case the mortgagee may maintain replevin against
the officer seizing the goods under writ, for their recovery, whether
the mortgage debt be due or not. A mortgagee in possession, pur-
suant to the provisions of the mortgage, is not a mere naked depos-
itary, but his possession is coupled with an interest, and if interfered
with he may either maintain replevin or an action for damages, as
for a conversion.

ERROR to Jackson Circuit Court, HON. TURNER
A. GILL, Judge.

*Affirmed.*

Statement of case by the court.

On the first day of August, 1881, the firm of
Steifel & Ney, doing business in Kansas City, were
largely indebted to various creditors, among whom
were the Bank of Kansas City, the Anheuser-Busch

Brewing Company, of St. Louis, and the firm of Wallwork & Harris, of Louisville, Ky. On said day Steifel & Ney executed a deed of mortgage on their stock of goods, consisting of whiskey and tobacco, to the plaintiff, Hausmann, to secure the debts owing to said bank and brewing company. This deed was duly recorded, and Hausmann took possession of the property as such mortgagee, and retained Steifel and Ney to assist in selling goods. After this, said Wallwork & Harris brought suit in the Jackson circuit court against Steifel & Ney, by attachment, under which the defendant, Hope, as sheriff of said county, seized said goods as the property of Steifel & Ney, whereupon Hausmann brought the present action of replevin for the recovery of the possession of the goods. The goods were re-delivered to Hausmann under the order of delivery made in said action, and he proceeded, as such mortgagee, to dispose of them. On motion, said Wallwork & Harris were permitted to come in and defend. The answer pleaded the facts of the proceeding by attachment, and the recovery of judgment by Wallwork & Harris in said attachment proceedings against Steifel & Ney. The answer alleged that the conveyance by said instrument, alleged by them to be a deed of assignment, was fraudulent as to the creditors of Steifel & Ney; that the debts named therein as owing by them to said bank and brewing company were fictitious and fraudulent, and that more property than was necessary was conveyed by said deed to secure the reputed debts, and that the beneficiaries were already amply secured by collateral securities.

The answer asked that, if it should be ascertained that the debts existed, that the instrument of conveyance in question be declared to be a deed of assignment, and subjected to the course prescribed by the statute in such cases.

The reply tendered the general issue.

After hearing the evidence, the court directed the jury to return a verdict for the plaintiff. A verdict

was accordingly returned, and judgment was rendered for the plaintiff; to reverse which the defendants prosecute this writ of error.

Frank Titus, for plaintiffs in error.

I. This identical instrument has been adjudicated upon by the United States circuit court for this district, and held to be an assignment for the benefit of *all* the creditors of Steifel & Ney. *Martin v. Hausmann*, 14 Fed. Rep. 160 : *Kellogg v. Richardson*, 19 *Ib.* 70 ; *Clapp v. Dittman*, 21 *Ib.* 15 ; *Perry v. Corby*, 21 *Ib.* 737 ; *Kerbs v. Ewing*, 22 *Ib.* 693. See also *Crow v. Beardsley*, 68 Mo. 437. If the deed was a valid security at all it was only so for the debts named in it. *Beardsley v. Tuttle*, 11 Wis. 74 ; Jones Chat. Mort. sect. 355 ; *Dougherty v. Cooper*, 77 Mo. 528.

II. It was improper to take the case from the jury. The testimony clearly showed that both the creditors named in the deed had acted entirely in disregard of it. *Goodwin v. Kerr*, 80 Mo. 276 ; *Stone v. Spencer*, 77 Mo. 356 ; *Cook v. R. R.*, 63 Mo. 397.

III. The court erred in refusing the instructions asked by plaintiff in error. They were entitled to have the question of fraudulent knowledge or participation of plaintiff and the beneficiaries in the assignment submitted to the jury. *Rupe v. Alkive*, 77 Mo. 641 ; *Wood v. Carpenter*, 101 U. S. 141 ; Kerr on Fraud, 236 ; *Potter v. McDowell*, 31 Mo. 62 ; *Jacobs v. Remsen*, 36 N. Y. 668 ; Burrill on Assignments, (3 Ed.) 142 ; *Shelley v. Boothe*, 73 Mo. 74 ; Wharton on Evid. (2 Ed.) sect. 366, *et seq.* ; *Jaffray v. McGhee*, 107 U. S. 361. The remaining questions involved and submitted were also entitled to go to the jury.

C. O. Tichenor, for defendants in error.

I. The instrument under which plaintiff took possession was either for the security of two creditors, or else it was for all ; in either event plaintiff was entitled to the possession. *Goodwin v. Kerr*, 80 Mo. 276.

II. This court is not called upon to decide what

the instrument is. It is not admitted by us to be an assignment for the benefit of all the creditors. The United States circuit court, *at last term*, dismissed a bill seeking to have such an instrument declared a general assignment, but a certificate of division was given, so there could be an appeal. The authorities sustain the later view of that court. *Shelley v. Boothe*, 73 Mo. 74; *Steele v. Benoist*, 37 Mo. 500; *Tompkins v. Wheeler*, 16 Pet. 118; *Cooper v. Brock*, 41 Mich. 488; *Gage v. Cheesebro*, 49 Wis. 486; *Carr v. Carr*, 52 N. Y. 250; *Lawrence v. Neff*, 41 Cal. 666; *Fouke v. Fleming*, 13 Md. 392.

III. A mortgagee of chattels can take possession, and it is legal. The statute, itself, says if he has possession, the mortgage need not be recorded. Rev. Stat. Mo. 148; *Pace v. Pierce*, 49 Mo. 393.

IV. The mortgagee is not only a depositary, but holds the possession coupled with an interest, so that if the goods are taken from him he can either sue for possession or their value. *McCandless v. Moore*, 50 Mo. 512. It is no objection that the form is that of a deed of trust. *Page v. Pierce, supra*. There is no evidence of fraud, and the deed is valid.

PHILIPS, P. J.—I. The plaintiff in error insists that the instrument of conveyance by which Steifel & Ney conveyed the goods to Hausmann, was in effect, a deed of assignment, and we are asked to so hold, in the event we should be of opinion that it was not so fraudulent as to other creditors as to wholly avoid its operation. And yet the defendants' counsel has not attached so much importance to this point as to have furnished the court with even the substance of the deed in the abstract of the record. This is not a compliance with rule fifteen of this court, and as heretofore held, we will not go to the transcript to ascertain the character of the instrument. The trial court evidently regarded and treated the instrument as a chattel mortgage to secure the debts of the bank and the brewing company. As every

reasonable intendment is to be indulged in favor of the regularity of the proceedings and the correctness of the judgment of the circuit court, until the contrary affirmatively appears, we must accept its conclusion in this respect as correct for the purposes of this review.

II. Regarding the instrument as a chattel mortgage, but two questions arise on this record for our determination : was there any evidence requiring the submission to the jury of the fraudulent intent and purpose of Steifel & Ney in making the mortgage to hinder or delay other creditors? and, if so, was there any evidence from which the jury could have reasonably inferred that the bank and brewing company had knowledge of such fraudulent design, and that they participated therein? It is unnecessary to the determination of this case that we should stop to consider whether there was sufficient evidence to go to the jury on the question of the good faith of the mortgageors, as their fraudulent intent would not be enough to avoid the deed. It devolved upon the attacking creditors to introduce proof tending to show that the beneficiaries had knowledge of such fraudulent intent, and, further, that they participated therein, *i. e.*, were not acting in good faith, from an honest purpose to secure their own debts, but were aiding the debtors to defeat their other creditors by covering up the property, in some improper way, to the debtors' use and benefit. *Shelley v. Booth*, 73 Mo. 74 ; *Holmes v. Braidwood*, 82 Mo. 610.

III. We have carefully examined the evidence, as presented in the abstract, and are of the opinion that the action of the court in withdrawing the case from the jury was fully warranted. Mere suspicion is not proof. However honest may be the conviction of the existence of fraud and irregularity in the mind of a creditor, in such cases, it will not supply "the law's demand" for tangible evidence. It would have been the plain duty of the trial court, had the jury on this proof found for the defendants, to have awarded a new trial. In that event the court may decline to submit the case to the judgment of the jury. *Jackson et al. v. Hardin et al.*, 83 Mo. 175.

IV.   There is no foundation for assailing  the exist-
ence or integrity of the  debts secured  by the  mortgage.
The amount of the debts owing to the bank  amounted to
$52,304; and to the brewing  company, $32,701.   Nor can
it make any  difference that the  mortgage did  not cover
the entire amount of these debts, in view of  the fact that
the evidence  disclosed  that the bank  held as  collateral
security some receipts  for whiskey  in bond,  amounting
to over $52,000, but on which  the bank  had, at the time
of the trial,  realized  only  $38,657.36, leaving  a balance
due it of about  $16,889 ; and the  estimated value  of the
receipts  held  by  the brewing  company  were  $11,150.
The  existence of  these collaterals  explained  why  the
mortgage did not cover the whole indebtedness.    And as
the net  sum  realized  by the  mortgagee,  on foreclosure
sales,  was only $34,483, after  allowing  for the  probable
sacrifice at forced  sale, we cannot say  there was  any
such disparity between the debts  secured and  the value
of the property  mortgaged as to  impair the validity  of
the mortgage.

The fact that the beneficiaries held certain securities
did  not  deny  their  right  to  take  other  and  addi-
tional  security.   The attacking  creditors, after having
reduced  their claim  to  judgment, might  by  appropri-
ate proceeding have secured  to  themselves any  surplus
after the satisfaction of  the debts  for  which  they were
pledged.   But the mortgagee being in  possession of  the
property,  under  the mortgage, the  defendants had  no
right to interrupt that possession, without first satisfying
the mortgage debts.   In such case the  mortgagee may
maintain  replevin  against  the officer seizing  the goods
under writ for their recovery, whether the mortgage debts
be due  or not.   *Frisbee v. Langworthy*, 11  Wis. 375.

A mortgagee in possession, pursuant to the provisions
of the mortgage, is not a  mere naked depositary, but his
possession is coupled with an  interest, and  if interfered
with he may either  maintain  replevin  or  an action  for
damages as  for a  conversion.   *McCandes v. Moore*, 50
Mo. 571 ;  *Daggett v. McClintock*, S.  C. Mich., N.  W.
Rep. Jan'y, 1885, 107.

V. The plaintiff in error insists that the fact that the mortgagee turned over to the brewing company the proceeds of the sales made by him under the mortgage, and this without any objection interposed by the bank, was a circumstance, a badge of fraud, which should entitle them to have the opinion of the jury. I am unable to perceive what unfavorable deduction against the integrity of the mortgage could legitimately be made from this circumstance. As the bank held collaterals apparently adequate to their protection, it was natural that they should feel less solicitude about the proceeds of the goods. And it does not appear that the mortgagee so paid over the entire proceeds to one of the beneficiaries with the sanction of the bank. He did so at his peril; and in case the bank should fall short on its collaterals, the mortgagee, or trustee, would have to account to the bank *pari passu*. And it appears from the deposition of a member of the brewing company that they so regarded the matter.

Other questions are raised by the plaintiffs in error, but they are not, in our opinion, of such character as would justify the reversal of the action of the lower court; and as they present no important legal principle, they are not commented on.

The other judges concurring, the judgment of the circuit court is affirmed.