In the Matter of the Assignment of Redding Brothers; W. W. Rucker, Assignee, Respondent.

Kansas City Court of Appeals, June 13, 1888.

Practice in Appellate Court—Abstract of Record—Rule Fifteen —Case Adjudged.—Under rule fifteen of this court, the abstract of the record should set forth so much of the record as is necessary to a full understanding of the questions presented to this court for determination. The rule is imperative, because the abstract of the record is intended to take the place of the record, and must be, not a statement of what the record is, but an abridgment of the record. The appellants in this case have not filed such an abstract as is required by rule fifteen, and the appeal is dismissed, under rule eighteen of this court.

Appeal from Chariton Circuit Court, Hon. G. D. Burgess, Judge.

*Appeal dismissed for non-compliance with rule fifteen.*

The case is sufficiently stated in the opinion of the court.

Crawley & Son, for the respondent.

I. Respondent insists that under the rules and decisions of this court, the judgment of the circuit court should stand.

II. The pamphlet filed here by appellants presents no abstract of the record as required by rule fifteen. "Every part of the transcript relied upon as error, and all that is relied on to show it such, must be printed in the abstract." *Goodson v Railroad*, 23 Mo. App. 81; *Foster v. Trimble*, 18 Mo. App. 394; *Hansmann v. Hope*, 20 Mo. App. 193; *Coy v. Robinson*, 20 Mo. App. 462; *Hyatt v. Wolfe*, 22 Mo. App. 192.

III. It does not appear from appellants' pamphlet, what judgment was rendered by the circuit court. The reasons urged in support of the motion for new trial below, are not given; and it does not appear that the circuit court so much as had a guess at any of the points raised in appellants' "brief." There being no assignment of errors, and nothing in the record as presented by appellants to warrant interference with the judgment below, it should, therefore, be affirmed. *McKenzie v. Railroad*, 24 Mo. App. 392; *Hansmann v. Hope*, 20 Mo. App. 193; *Coy v. Robinson*, 20 Mo. App. 462; *Wall v. Ryan*, 15 Mo. App. 575; *Sass v. Blackman*, 8 Mo. App. 565; *Cowen v. Shepley*, 8 Mo. App. 566; *Chappel v. Mulhall*, 7 Mo. App. 592; *Smith v. Babcock*, 3 Mo. App. 595; *Thompson v. Brown*, 595.

KINLEY & WALLACE, for the appellants.

We presume a correct "narrative" of the abstract and all the evidence in the case, introduced or agreed to, that bears on the matters involved, are all that is necessary to come within the rules of this court. We take it, the rules fixed by statute for the Supreme Court and the St. Louis Court of Appeals as to assignments of error, will be the rule of this court, as we have heretofore followed. See Rev. Stat., secs. 3784, 3785. The abstract of appellants shows that appealing creditors had their claims allowed by the assignee; shows the part of the report of the assignee to which there was objection, viz., the "fully" satisfying the Kellogg judgments, leaving only $606.75 to be distributed among the remaining creditors, which sum would pay only a small per cent. of their claims, which report was approved by the lower court. The exceptions are given in full, it is true, without attorneys' names printed, but, we take it, that is not material for this court to determine whether the exceptions should have been sustained or not, which exceptions were, by the court overruled, and the referee's report approved by the court—the approval complained of being approving the action of the

assignee in paying the Kellogg judgments in full. The creditors filed "motion for rehearing thereon," says the abstract. Rehearing on what? The overruling of the exceptions upon the admitted, bald, undisputed facts ; no more, no less. The judgment of the court complained of, was the judgment approving the assignee's report *in toto*, and not excepting the Kellogg payments. It is true we could have occupied twenty or more pages of closely-printed matter in giving the deed of assignment, the eight judgments, the eight executions, the referee's entire report, the notice given under the statute, and the entire list of claims allowed, which might have better .pleased the gentlemen, who toy with an "umbilicus" with such abandon, but would encumbering the record with so much concerning which there is no controversy, have given the court a clearer understanding of what this controversy is, than the statement and abstract we have given? We have given all the evidence, all the contention, the exceptions, the motion for rehearing, which, of course, is for error in overruling the exceptions of appealing creditors, all of which is practically conceded by respondent's counsel as correct, as they furnish no abstract.

HALL, J.—This appeal is by certain of the assignor's creditors from the judgment of the circuit court overruling certain exceptions made by them to the report of the assignee and approving said report. The appellants' abstract of the record sets out the exceptions made to the assignee's report. The exceptions are as follows :
" In the matter of the assignment of Redding Bros.

"Now come the attorneys of John V. Farwell, Tootle, Hanna & Company, and other creditors, and ask the court to correct the settlement of the assignee, herewith filed, and direct said assignee to distribute the money of said estate *pro rata* among the creditors, for the reason that he takes credit for the payment of one thousand and twenty-eight dollars to one Kellogg as a preferred creditor, when the deed of assignment does

not make a preference and where there was no preference under the law."

As to the assignee's report the said abstract contains only the following statement:

"At the October term of the Chariton county circuit court the assignee presented his final exhibits in said estate, in which, after payment of all expenses, he showed that there had been left a balance of $1,634.65 in his hands, and of which he had applied enough to fully satisfy the said Kellogg judgments, which left only $606.75 to be distributed among the remaining creditors, which sum would pay only a small per cent. of their claims, which report was continued until the following April term to hear any exceptions that might be filed." The abstract of the record contains no part of the assignee's report itself.

The appellants' abstract of the record, under rule fifteen of this court, should have set forth so much of the record as was necessary to a full understanding of the question presented to us for determination. This rule is imperative and should have been obeyed. Under it the appellants were required to set forth in their abstract of the record that part of the report itself, *in haec verba*, to which their exceptions were made, so that we might see whether the report was open in fact to the objections made to it. The statement made by the appellants as to what the report was does not comply with the rule, because the abstract of the record is intended to take the place of the record, and must be, not a statement of what the record is, but an abridgment of the record. *Goodson v. Railroad*, 23 Mo. App. 81; *Foster v. Trimble*, 18 Mo. App. 394; *Hansmann v. Hope*, 20 Mo. App. 193; *Coy v. Robinson*, 20 Mo. App. 462; *Hyatt v. Wolfe*, 22 Mo. App. 192.

For this reason we must hold that the appellants have not filed an abstract of the record as required by rule fifteen, and in accordance with rule eighteen, imposing the penalty for a failure to comply with rule fifteen, the appeal must be dismissed. It is so ordered. All concur.