HELLMAN & Co., Interpleader and Appellant, v. POLLOCK & Co., Plaintiff and Respondent; C. A. DOUGLASS, Defendant in Attachment.

### Kansas City Court of Appeals, December 7, 1891.

1. **Chattel Mortgages :** POSSESSION : CREDITOR'S ATTACHMENT : REMEDY. A mortgagee rightfully in possession of the mortgaged property cannot be deprived of it by the levy of an execution or attachment by the creditors of the mortgagor. He is not a mere naked depositary, but his possession is coupled with an interest, and, if interfered with, he may maintain replevin.

2. **Interplea :** REPLEVIN : TITLE : An interplea is in the nature of a suit in replevin grafted on an attachment suit, and the defendant therein may show such facts as would, under the law, render the interpleader's title void.

3. **Chattel Mortgages :** EFFECT OF REGISTRATION : PRIORITY : DEFAULT. The effect of the registration of a chattel mortgage is equivalent to the transmutation of possession ; but the mortgagor has an interest in the property which he can sell and transfer to the possession of a subsequent mortgagor ; and the attaching creditor of the mortgagor cannot, as against such subsequent mortgagee, interpose the existence of the prior mortgage, when there has been no breach entitling the prior mortgagee to the immediate possession.

4. **Stipulation :** CONSTRUCTION : DIRECTIONS. A stipulation of the parties filed in the cause is interpreted, and directions in reference thereto given to the trial court.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*John M. Barker*, for appellant.

( 1 ) The court erred in excluding proper and legal evidence offered by interpleader. For the same reasons assigned under point number 1, and because the

court was bound in all fairness to compel the litigants to try the cause according to the stipulations—on the issues agreed to in *Smith v. Leach*, 7 S. W. Rep. ( Tex.) 707. By the stipulations the question of the priority of the Ross and Hoagland mortgages were eliminated from the case. *Cushing v. Smith*, 12 S. W. Rep. (Tex.) 19. The defense of prior mortgages was not reserved by the stipulation, and is, therefore, waived. *Neil v. Town of Audes*, 40 Fed. Rep. 45. This being a test case, and a fair test, because all the mortgages antedated all the attachments, the case is bound to be tried on the stipulations, if the least semblance to fairness is to be preserved,—a departure from the stipulations as in this case works a total and irremediable destruction of the right of all the mortgagees, and without any regard whatever to the rights of the parties. The manifest intention of the stipulations was to shield all parties from the vexation and expense of trying nine different interpleas,—three in each of the three attachment cases ; by the action of the court this shield was turned into a sword for Pollock & Co. ( 2 ) The court erred in sustaining the demurrer to the interpleader's evidence, in directing the jury to return a verdict for plaintiff, and in entering judgment against interpleader ; because the interpleader was entitled to go to the jury, and was entitled to a verdict on the evidence. *Hausman v. Hope*, 20 Mo. App. 193 ; *Mansur v. Hill*, 22 Mo. App. 372. The mortgages to Ross and Hoagland may have been, and doubtless were, intended to be honest and fair transactions, but they were for a stock of goods in trade and they provided that the mortgagor should remain in the possession, and were void as against B. Hellman & Co. *Stanley v. Burnee*, 27 Mo. 269 ; *Bullene v. Barrett*, 87 Mo. 185. The description of the goods in appellant's mortgage was sufficient, and, further, the court, denied him the right to prove it fully by a list of the goods. *Bank v. Jennings*, 18 Mo. App. 651. Any kind of a lien outranking the

attachment is sufficient on which to base an interplea. *Sanders v. Ohlhausen,* 51 Mo. 163. If the mortgages of Hoagland and Ross, put in evidence by respondent, are good and binding, then the attaching creditors thereby prove their attachments void, and, if not good, then they do not stand in the appellant's road to recovery.

*W. B. McIntire* and *W. W. Fry,* for respondent.

(1) The papers and agreements offered in evidence by interpleader were private papers and agreements between the attorneys in the justice court, and in no way related to the issues in the case, and were properly rejected as evidence. (2) The demurrer to the evidence was properly sustained. There was but one issue in the case : That was, whether the appellant had any property and was entitled to the possession of the goods attached by Pollock & Co. If the title of the property was in Ross and Hoagland under their mortgages, then the interpleader was not entitled to the possession of the same and could not recover. An interplea is in the nature of a suit in replevin but grafted upon an attachment suit. *Bradley v. Bean,* 20 Mo. App. 111. The defendant in an interplea may show such facts as would, under the law, render the interpleader's title void. *Young v. Glasscock,* 79 Mo. 572 ; *Edson v. Hedger,* 38 Mo. App. 52 ; *Stern v. Mason,* 16 Mo. App. 473 ; *Stone v. Barrett,* 34 Mo. App. 15 ; *Sloftin v. Summers,* 39 Mo. App. 421. The registration of a chattel mortgage is equivalent to the transmutation of possession. *Feurt v. Rowell,* 62 Mo. 524.

SMITH, P. J.—The plaintiffs, Pollock & Co., brought their suit against the defendant Douglass by attachment before a justice of the peace, levying the attachment upon a small stock of goods in the possession of the interpleaders, Hellman & Co., who filed an interplea

in the suit claiming that the stock of goods at the time of the levy of the writ of attachment thereon was then and still is their property, and that they were and still are entitled to the possession thereof, etc.

At the trial in the circuit court, the interpleaders introduced in evidence a mortgage executed to them by the defendant Douglass, which covered the attached property, and which was filed for record on the sixth day of September, 1890, at eleven o'clock and forty-five minutes in the forenoon, and which provided *inter alia* that the property conveyed should remain in the possession of the mortgagor until default be made in the payment of the debt and interest or some part thereof; but in case of a sale or disposal or removal of, or attempt to remove the same, etc., then the mortgagees or their agents might take said property or any part thereof into their possession. The plaintiff adduced evidence that the mortgagor had violated the conditions of the mortgage, and that they as mortgagees had taken possession of the stock of goods covered by it, and were so in possession at the time of the levy of the writ of attachment. There was also introduced in evidence by interpleaders two several mortgages made by Douglass, respectively, to Ross and Hoagland, covering the attached property, and which contained the same provisions as that of interpleader except that they did not contain the provision in the interpleaders' mortgage in respect to taking possession in case of an attempt to sell, dispose of or remove said property. The Ross mortgage was filed for record on the fifth day of September, 1890, and that of Hoagland on the sixth of September, 1890, at ten o'clock and thirty minutes in the forenoon. So that both of these mortgages were recorded before that of the interpleaders. Ross and Hoagland, the prior mortgagees, it appears, were advised of the action of the interpleaders in respect to the taking of the possession of the property under their mortgage. The court at the instance of the attaching

creditors, Pollock & Co., instructed the jury to find for plaintiffs in the attachment as against the interpleaders. Judgment was thereupon rendered for the plaintiffs in the attachment, from which the interpleaders appealed.

I.   It is not contended that the interpleaders' mortgage is fraudulent and void in law or in fact.  Its validity seems not to have been questioned on any ground.   The law is very well settled that the mortgagee rightfully in possession of the mortgaged property, cannot be deprived of it by the levy of an execution upon it or the making of an attachment of it by the creditor of the mortgagor.   Jones on Chat. Mort., sec. 452; *Pike v. Calvin*, 67 Ill. 227; *Moon v. Murdock*, 26 Cal. 514; *Valney Slamps v. Gillman*, 43 Miss. 456.   He is not a mere naked depositary, but his possession is coupled with an interest, and if interfered with he may maintain replevin.   *McCaudes v. Moore*, 50 Mo. 571; *Hamsman v. Hope*, 20 Mo. App. 193; *Frisbee v. Langworth*, 11 Wis. 375.   An interplea is in the nature of a suit in replevin, but grafted on an attachment suit. *Bradley v. Bean*, 20 Mo. App. 111.   It is true that defendant in an interplea may show such facts as would, under the law, render the interpleader's title void. *Young v. Glasscock*, 79 Mo. 572; *Edson v. Hedger*, 38 Mo. App. 52; *Stern v. Mason*, 16 Mo. App. 473; *Stone v. Barrett*, 34 Mo. App. 15; *Sloftin v. Summers*, 39 Mo. App. 421.

It is true also that, by a fiction of the statute, the registration of a chattel mortgage is equivalent to the transmutation of possession.   In many instances this will satisfy the requirements of the statute in respect to the change of possession of the mortgaged property. But the contention here is that the Ross and Hoagland mortgages, being prior in the time of their registration to that of the interpleaders, the title and the immediate right of possession to the property vested in them as against interpleader, and that this fact appearing from

the evidence in the case was sufficient to defeat the interpleaders' claim. It does not appear from the Ross and Hoagland mortgages that there had been, down to the time of the levy of the attachment, any breach by the mortgagor of any of the conditions of said mortgages or either of them, or that the mortgagees were entitled to the possession of the property thereunder. Though they had knowledge of the fact that interpleaders had taken possession of the property under their mortgage, they made no claim to any prior right of possession as against interpleaders. Under their mortgages they left the possession of the property with the mortgagor until condition broken or default was made in the payment of the several debts secured. The mortgagor had an interest in the property which he could sell and transfer to the possession of the interpleader. It has been decided to be such an interest as may be seized under process at the instance of another creditor of the mortgagor and sold, and the purchaser would take the possessory right and title of the mortgagor subject to the lien of the mortgagee. *Hickman v. Dill*, 32 Mo. App. 509; *State v. Carroll*, 24 Mo. App. 361; *LaFayette Co. Bank v. Metcalf*, 29 Mo. App. 384.

It seems to us that, upon the facts which the evidence of this case tends to establish, the prior mortgagees were not entitled to the immediate possession of the property in dispute, and that the defense interposed by the attachment plaintiffs to overthrow the interpleaders' *prima facie* title is without merit. In other words we do not think that the evidence shows there was any outstanding right to the immediate possession of the property in either Ross or Hoagland, which was available to the plaintiffs, Pollock & Co., to defeat the interpleaders' right of possession in respect thereto. But, as there seems to have been some misapprehension by counsel as to the issues, on account of certain stipulations in the case, we shall reverse the judgment and

Hellman & Co. v. Pollock & Co.

remand the cause in order to afford the parties an opportunity to retry the cause in conformity to the views herein indicated.

In respect to the stipulations of the parties offered in the evidence, we may state that we think the same were permanently called to the attention of the court. If the plaintiffs in the attachment shall again prevail at another trial of the case, that would dispose of the several interpleaders' claims of title to the goods, and upon proper motion, based on said stipulations filed in each of the attachment cases therein mentioned, a like judgment should be rendered against all the interpleaders. With the claims of the interpleaders thus disposed of, the court can easily settle the priorities of the several attaching creditors to the fund which, by the stipulation, was to take the place of the property attached. On the other hand, if the interpleaders, Hellman & Co., are successful, then a like judgment to that rendered in their favor against the plaintiffs, Pollock & Co., should, on motion based on said stipulations, be rendered in favor of each of the interpleaders, against the attaching plaintiffs in the several suits referred to in the stipulation. After this the court can determine the relative rights and priorities of the interpleaders to the fund. This interpretation of these stipulations, we think, effectuates the intention of the parties thereto.

The judgment is reversed, and cause remanded. All concur.