THE STATE OF MISSOURI ex rel. MEME J. D. RUTLEDGE, Respondent, v. WILLIAM A. HOLMAN et al., Appellants.

Kansas City Court of Appeals, April 7, 1902.

1. **Public Administrator:** GUARDIAN AND CURATOR: JURISDICTION OF PROBATE COURT. A probate court has full power to order the estate of a minor into the hands of the public administrator who is ex officio public guardian.

2. ———: ———: EXPIRATION OF TERM. A public administrator who has charge of the estate of a minor may continue in such charge after his term of office has expired and his successor elected and qualified.

3. ———: LIABILITY OF BONDSMEN: NEW BOND: EXPIRATION OF TERM. H was appointed public administrator in February, 1894, and qualified and gave bond. In July, under proper order, he took charge of the estate of R, a minor. He was elected to succeed himself in the following November and gave bond and continued in charge of the estate. His term expired in 1896, and his successor qualified, but he continued in charge of the estate and in 1900 made final settlement showing a balance in his hands. *Held*, the bond given after his election in 1894 would be liable for any default occurring after its approval, since it was a new bond.

4. ———: BOND: LIABILITY IF BONDSMEN: TIME OF DEFAULT. To determine which set of sureties are liable for a given default, it is necessary to ascertain the time of the defalcation.

5. ———: TWO BONDS: LIABILITY: SETTLEMENTS PRIMA FACIE. A guardian can not make subsequent sureties liable for former defalcations by settlements made in the period of such subsequent sureties, but such settlements are prima facie evidence that the estate was not yet misappropriated.

State ex rel. v. Holman.

6. **Probate Courts:** GUARDIAN AND CURATOR: JURISDICTION. Probate courts have jurisdiction in the appointment of curators and to put the public administrator in charge of the estates of minors, and the same presumption will be indulged in regard to its actions as are allowed to other courts. `

Appeal from Ray Circuit Court.—*Hon. J. W. Alexander, Judge.*

AFFIRMED.

*J. L. Farris & Son* for appellants.

(1) The imperative duty of the judge of the probate court, under and by virtue of said statute, was to appoint a special curator and guardian to take charge of the person and estate of the said Meme J. D. Rutledge and to have required said guardian and curator to give a good and sufficient bond. Sec. 5299, ch. 76, R. S. 1899. (2) Securities being the favorites of the law and entitled to all technical defenses, it is asked that the liabilities of the securities be strictly construed. Blair v. Ins. Co., 10 Mo. 560; Bauer v. Cabanne, 105 Mo. 110; Bricker v. Stone, 47 Mo. App. 530; Erath v. Allen, 55 Mo. App. 107; Cochrane v. Stewart, 63 Mo. 424; Mitchell v. Railton, 45 Mo. App. 273. (3) The statute prescribes that where from any good cause the probate court shall order him to take possession of any estate to prevent its being injured, wasted, purloined or lost, and that when the court so acts his reasons thereof should be assigned and made a matter of record, which in this instance was not done. Sec. 299. (4) The responsibility, if any existed, took place during the existence of the first bond executed by the public administrator, and that such responsibility continued to be attached to said bond until the court ordered the principal in the second bond to turn over said estate to his successor in office, which order was so made long after the expiration of the term for

which the securities upon the bond herein sued on became responsible. (5) There is nothing in the agreed statement of facts to indicate that the public administrator during the term for which he was elected by the people and for which these defendants became his bondsmen, spent or misappropriated any of the funds or assets of the estate of the said Meme J. D. Rutledge, minor, which has been placed in his custody while discharging the duties of his office under the appointment made by the Governor. So that if it is found under the circumstances that a liability attached to the securities of the public administrator for the loss of the minor's assets, it should attach to the securities upon the first bond and not to the securities herein sued.

*Garner & Divelbiss* for respondent.

(1) The time of the defalcation determines which set of securities is liable. State to use v. Atherton, 40 Mo. 220; State to use v. Paul, 21 Mo. 51; Ingram v. McCombs, 17 Mo. 558; State v. McCormick, 50 Mo. 568; Tittman v. Green, 108 Mo. 33; State ex rel. v. Branch, 126 Mo. 454; State ex rel. v. Elliott, 157 Mo. 609; State ex rel. v. Lidwell, 11 Mo. App. 567; Schaeffer v. Bernero, 11 Mo. App. 562; State ex rel. v. Kennedy (Mo.), 63 S. W. 678. (2) This is true, even though the money came into the principal's hands while acting under a prior bond. Schaeffer v. Bernero, 11 Mo. App. 562; Warren v. State, 11 Mo. 583. (3) Holman's annual settlements are prima facie evidence of the amount in his hands due his ward at their respective dates. State to use v. Engelke, 6 Mo. App. 356; State to use v. Roeper, 9 Mo. App. 21; State to use v. Roeper, 82 Mo. 57; West v. West, 75 Mo. 204. (4) It having been shown that Holman received this money officially, it will be presumed that he still has it in his official custody until the contrary is made to appear. State to use v. Taylor, 6 Mo. App. 282, and cases cited; State ex rel. v. Lidwell, 11 Mo. App. 569; Schaeffer

v. Bernero, 11 Mo. App. 565; Bruce v. U. S., 17 How. 442.
(5)    And if the default is not discovered until during or after
the second term the sureties for that term are prima facie
liable, and to escape such liability they must plead and prove
that the default occurred before they became sureties.    State
to use v. Paul, 21 Mo. 51; State ex rel. v. Kennedy (Mo.),
63 S. W. 678; Heppe v. Johnson, 73 Cal. 265; Bruce v.
U. S., 17 How. 437; Alvord v. U. S. 13 Blatchf. 279; U. S.
v. Stone, 106 U. S. 525; U. S. v. Earhart, 4 Saw. 245; U. S.
v. Honsman, 70 Fed. Rep. 581; 44 U. S. App. 171; Kelly
v. State, 25 Ohio St. 567; Hartford v. Franey, 47 Conn. 76;
Fox Tp. v. McCord, 54 Iowa 347, 6 N. W. 537; County of
Pine v. Willard, 39 Minn. 126, 12 Am. St. Rep. 623, 1
L. R. A. 119; Helton v. Lane, 43 Tex. 279; State v. Stone,
7 Jones L. (N. C.) 382; Haley v. Petty, 42 Ark. 392;
Weakly v. Cherry Tp. (Kans.), 63 Pac. 433; B'd of Edu-
cation v. Robinson (Minn.), 84 N. W. 105; Bernhard v.
City of Wyandotte, 33 Kan. 465.    (6)    Where moneys,
which have been collected during the first term of office, re-
main in the custody of the officer when he gives his second
bond, the securities on the latter bond alone are liable.    War-
ren v. State, 11 Mo. 583; Schaeffer v. Bernero, 11 Mo. App.
562; State ex rel. v. Lidwell, 11 Mo. App. 567; Board of
Education v. Fonda, 77 N. Y. 350; Morley v. Town of Meta-
mora, 78 Ill. 394, 20 Am. Rep. 266; De Hart v. McGuire, 10
Phila. 357; Moore v. Madison Co., 38 Ala. 670; Bruce v.
U. S., 17 How. 437.    (7)    This is true, even though, if the
officer had not been elected as his own successor, he would
have been required to continue in charge of the estate.    In-
gram v. McCombs, 17 Mo. 558; State v. McCormick, 50 Mo.
568; Governor v. Robbins, 7 Ala. 79; Dumas v. Patterson,
9 Ala. 484.

ELLISON, J.—This is an action against defendant Hol-
man and the other defendants, sureties on his bond as public

administrator of Ray county. This cause was submitted to the trial court on an agreed statement of facts upon which that court rendered judgment for the plaintiff.

It appears that defendant Holman first came into his office by appointment of the Governor in February, 1894, to fill a vacancy until the ensuing general election; and that he qualified by giving bond, taking the oath and entering upon his duties on the following March 7. That on the second day of July thereafter, this relator and her sister and brother, Daisy J. and William F. E. Rutledge, were minors each under fourteen years of age and residing in Ray county; and on that day the probate court of that county found that their father was dead and their mother married, and ordered that their estate be placed in charge of said Holman as public administrator and ex-officio public guardian, he being appointed curator thereof. Holman took charge of the estate under that order, the same consisting of $3,071.93 belonging to these minors in equal shares. That afterwards, in November, 1894, Holman was elected to fill out the two years of unexpired term, and thereafter duly qualified under said election by taking the oath and giving the bond now in suit, conditioned that he would faithfully discharge all the duties of the office of public administrator.

Holman continued to act as curator until this relator and her sister Daisy became of age and until he was removed from charge of the estate of William, November 10, 1900. In November, 1896, and again in November, 1900, Robert J. Clark was elected public administrator, giving bond each time.

Defendant Holman filed his first annual settlement in September, 1895, showing $2,853.03 due the minors; the second on October 5, 1896, showing $2,791 due; the third on October 9, 1897, showing $2,661.73; the fourth on January 7, 1899, showing $2,357.17 due. His next settlement on January 11, 1900, was of the estate of this relator alone and wed due her $680.82. Afterwards, on November 10,

1900, this relator having reached the legal age of eighteen years, defendant filed his sixth and last settlement, which showed $642.67 due her. All of the foregoing settlements were duly approved by the probate court.

The first objection made to the judgment is that the probate court had no power to order the estate into the hands of defendant Holman (public administrator) as curator of the estate of the minors under the public administrator statute, it being claimed that the only thing that court could do was to appoint a curator under the statute (chap. 76, 1889) relating to guardians and curators. We do not find anything in the latter statute prohibiting the court appointing the public administrator curator of the estate of minors. While on the other hand we find express authority therein for that court to make such appointment by order; and such administrator is designated as "ex-officio public guardian" (sec. 5336). So that if it should be conceded that the public administrator statute (sec. 299, R. S. 1889) was not sufficient authority for the probate court to order the estate into defendant's hands, the aforesaid section 5336 seems to be ample for that purpose.

It will be noticed that the defendant continued in charge of the estate after his term of office expired and his succesor, Clark, was elected and qualified. This he could rightfully do under the provisions of section 301, Revised Statutes 1889.

It will be further observed that defendant received the estate into his possession during the life of the first bond and before the bond in suit was executed. And that his first settlement and those following, showing balances in his hands as above set forth, were made during the life of the bond in suit. The question presented is, which bond covers the liability? Defendant contends the first one does, and relator contends that it is the second bond, the one she has sued on. If defendant had not succeeded himself and had continued in charge of the estate after his term expired, by virtue of his

first incumbency, then he would have had but one set of sureties, those on the first bond, and they would have been liable for a defalcation, notwithstanding it occurred after his term of office expired. But defendant succeeded himself and he gave the obligation sued on as a new bond and it covered all official defalcations occurring during the time it was in force. The fact that the subject-matter defaulted came into his hands under a prior term and that he would have been required to continue in charge of the business, even though he had not succeeded himself, does not affect the fact as it actually exists; that is, that he succeeded himself and gave a new bond conditioned that he would faithfully perform his duties thence on. Ingram v. McCombs, 17 Mo. 558; State to use v. McCormack, 50 Mo. 568; Governor v. Robbins, 7 Ala. 79.

In order to determine which set of sureties are liable, it is only necessary to ascertain when the defalcation occurred, for each set of sureties is liable for the malfeasance which their principal commits during the period they were standing for him. State to use v. Atherton, 40 Mo. loc. cit. 220; State to use v. Paul, 21 Mo. 51; State v. McCormick, 50 Mo. 568; Tittman v. Green, 108 Mo. loc. cit. 33; State ex rel. v. Branch, 126 Mo. loc. cit. 454; State ex rel. v. Elliott 157 Mo. 609; State ex rel. v. Kennedy, 163 Mo. 510.

The settlements made with and approved by the probate court show that the defendant had the estate on hands after the present sureties became obligated for him. While a guardian who has lost or misappropriated an estate during the life of a bond of one set of sureties will not be allowed to make subsequent sureties liable therefor merely by the act of charging himself therewith in settlements made in the period of subsequent sureties (ROBINSON, J., in State ex rel. v. Branch, 151 Mo. 637), yet such settlements are prima facie evidence that the estate was not yet misappropriated. Authorities, supra. It is conceded that the estate came into defendant's hands. His settlements show that he had the balances stated

still in possession. We must presume, in the absence of a showing to the contrary, that he did in fact have the money at the times stated. Schaeffer v. Bernero, 11 Mo. App. 562.

The probate court had jurisdiction of the matter of the estate of these minors and of the appointment of a curator thereof. It had statutory authority to put the public administrator in charge and its order to that effect need not go into a detailed recitation of facts showing its authority. The authority was conferred by law on a court which, as to such matters, is the equal of a court of general jurisdiction, and the same presumption will be indulged as to facts justifying its action as are allowed to other courts. Johnson v. Beazley, 65 Mo. 250; Henry v. McKerlie, 78 Mo. 416; Murphy v. DeFrance, 105 Mo. 53; Cox v. Boyce, 152 Mo. 582.

The result of the foregoing views affirms the judgment of the trial court. All concur.