STATE ex rel. SAMUEL T. JOHNSTON, Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1915.

1. **EXECUTORS AND ADMINISTRATORS: Public Administrators: Official Bond: Liability of Sureties.** A public administrator and exofficio public guardian and curator is required by law to give an official bond conditioned for the faithful performance of all the duties of his office. Among those duties is that of preserving, managing and accounting for the property in his

hands or under his official control without reference to the time it was ordered into his hand, whether in a prior term or the current one. And where a public administrator had given bond with one company as surety during his first term, and during that term took charge of an estate by order of the probate court, and thereafter, his first term expiring, he was re-elected for a second term, and gave a new bond with another company as surety, and during said second term converted the funds of said estate to his own use, the second surety and not the first was liable.

2. ———: ———: ———. Where an officer is a defaulter and has held office under different appointments with several sets of sureties, those will be responsible who were on the bond at the time the defalcation occurred.

3. ———: ———: Suit on: Final Settlement of Estate. It is not a condition precedent to the maintenance of a suit upon a public administrator's bond that a final settlement of the estate in his charge must first be had.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*Marshall & Henderson* and *A. F. Rector* for appellant.

*Harvey & Bellamy* for respondent.

TRIMBLE, J.—Jake H. Fisher was elected, qualified, and commissioned public administrator and ex-officio public guardian and curator within and for Saline county, Missouri, for a term of four years commencing January 1, 1905. He gave bond with the Federal Union Surety Company as his surety. On April 13, 1907, the probate court of Saline county ordered him, as ex-officio public guardian, to take charge of the estate of Samuel T. Johnston, then a minor a little over fifteen years of age. Pursuant to said order, Fisher, as such public guardian, took charge of said estate in 1907, made an inventory, and

thereafter continued in charge, as public administrator and ex-officio public guardian and curator, down to the day of his death which occurred on June 11, 1913.

Fisher's first term expired January 1, 1909, but having been re-elected in the fall of 1908, he was commissioned and qualified for a second term of four years beginning on said January 1, 1909. This time he gave an official bond in the sum of $20,000 with appellant herein as his surety.

No money belonging to Johnston's estate came into Fisher's hands until June 9, 1910, which, of course, was during his second term. And during that term Fisher converted the funds of said estate to his own use, and at the time of his death owed said estate the sum of $1743.58 and left no funds or property out of which this money could be collected.

Johnston became twenty-one years of age February 8, 1913. And this suit at his relation was instituted December 13, 1913, on said bond executed by appellant, to recover the amount of said defalcation. A jury was waived and the cause was submitted to the court upon an agreed statement of facts. The court rendered judgment on the bond in the full penalty thereof to be satisfied by the payment of said $1743.58 with interest at six per cent from June 10, 1913, making a total of $1844.41.

Appellant says that as Fisher was ordered to take charge of said estate during his first term, when the other company was his surety, his duties with reference to said estate became fixed at that time. And that as a public administrator, after having once taken charge of an estate, continues in charge thereof until the estate is finally settled, unless he resigns, dies, is removed or discharged, the surety given by him at the time he takes charge of the estate continues to be liable therefor even though he be thereafter elected as his own successor for a new term, gives a

new and different surety bond for that term, and defaults in the performance of his official duties during the second term. The idea seems to be that as re-election does not affect his control or charge over an estate obtained during his first term, and no new order is necessary to continue such control in him, the liability of the first bondsman becomes fixed as to all estates ordered into his hands during that term, and that liability continues until those estates are finally settled; and that, if this is true, the surety for the second term did not become surety for any estate which came into the hands of Fisher during his first term even though the defalcation took place in the second.

We are unable to subscribe to this doctrine. It is unnecessary to say whether a surety on an official bond of a public administrator whose term has expired and who has gone out of office remains liable for defalcations committed in estates after the expiration of his term and while yet in charge of said estate, since that is not the question involved here. The question here is whether or not a surety which has bound itself that an official elected to a public office will faithfully discharge all the duties of that office, can be allowed to escape liability for a clear violation of the duties of that office by its principal. The authority by which a public administrator takes charge of an estate is one thing; the fidelity with which he manages and cares for that estate while in office is quite another thing. There is nothing in the bond herein sued on that limits the surety's liability only to those estates which the principal was authorized to take charge of during the second term. The obligation of said bond is that "if the said Jake H. Fisher, shall well and faithfully discharge all the duties of said office, as public administrator and ex-officio public guardian, and curator of Saline county, Missouri, then this obligation shall be void, but other-

wise shall remain in full force and effect.'' Fisher's official duty during his second term was not confined to the estates coming into his hands for the first time during that term, but extended to and involved the faithful care and preservation of the funds then officially in his hands though the authority for their being in his charge may have been given during his first term. The purpose of the bond is not merely to secure the property of such estates as may be placed in his charge during his term but to secure the property ''in his hands or under his control'' without reference to the time when it was put there whether in the current term or a prior one. This is the plain meaning of the statute, since it is the duty of the probate judge to require the public administrator to ''make a statement annually, under oath, of the amount of property *in his hands or under his control* as such administrator, for the purpose of ascertaining *the amount of bond necessary to secure such property.''* [Sec. 299, R. S. Mo. 1909.]

No authority is cited in support of appellant's view and we know of none. The holding of the authorities is, by implication, to the contrary. ''Where an officer proves a defaulter, and has held the office under different appointments with several sets of sureties, it must now be conceded by established precedent that the sureties will be responsible who were on the bond at the time the defalcation occurred.'' [State ex rel. v. Atherton, 40 Mo. 210, l. c. 220. See also State ex rel. v. Holman, 93 Mo. App. 611; Tittman v. Green, 108 Mo. 22, l. c. 33; State ex rel. v. Greer, 101 Mo. App. 669.]

Appellant pleaded another action pending in bar of this one. But that was merely a final settlement in the estate of said Johnston filed by Leonard W. Vandyke as administrator of the estate of Jake H. Fisher, deceased. This, however, was not filed till long after the institution of the suit at bar, and could

not be a bar to the prosecution thereof. Compliance with section 461, Revised Statutes 1909, is not a condition precedent to the maintenance of a suit on the guardian's bond.  [State ex rel. v. Berger, 92 Mo. App. 631.]

The judgment is affirmed. All concur.